## O'NEAL v. WARD et al.

1. "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Where this principle of law is applicable under the evidence and the court undertakes to give it in charge to the jury, the omission of the words, "by acts or declarations of adjoining landowners," which show the kind of acquiescence meant by the statute, is material error.

2. Under neither the pleadings nor the evidence was an issue made as to whether there was a mistake in the description of the land conveyed by the common grantor to the plaintiff's predecessor in title; and the court was not authorized to submit to the jury any issue upon that subject.

3. It is not competent to show that there was an oral agreement between the grantor and grantee in a deed of conveyance, made prior to or contemporaneously with its execution, fixing metes and bounds different from those set forth in it.

4. The court did not err in admitting evidence that the paramount title was outstanding in a third person, nor in refusing requests for instructions which would have deprived the defendants of the benefit of this testimony when the jury came to consider the evidence.

No. 511. APRIL 12, 1918.

Equitable petition. Before James R. Thomas, judge pro hac vice. Pierce superior court. June 23, 1917.

*Memory & Memory* and *Alan S. O'Neal,* for plaintiff.

*Parker & Parker* and *Eldon L. Bowen,* for defendants.

BECK, P. J. J. B. O'Neal brought his petition against Mrs. B. V. DuVal Ward and others, for injunction to restrain them from the commission of threatened and continuing acts of trespass, and from entering upon a described tract of land the title of which he claimed. He prayed also for damages resulting from alleged acts of trespass already committed. The defendants filed an answer denying the plaintiff's title to the land in question, and denying that they were guilty of trespass. Upon the trial evidence was introduced by both sides; and the jury returned a verdict in favor of the defendants. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

The parties claim title to the land in controversy from a common grantor. The defendants insist that the deed from the common grantor to a predecessor in title of the plaintiff did not embrace the land in controversy: and moreover that a certain line had been established by acquiescence of the parties, and that the claims of the plaintiff disregard the rights of the defendants as fixed by

the line thus established. The defendants also submitted evidence tending to show paramount title in a third person.

1. The charge of the court instructs the jury that "if there was a line acquiesced in for the term of seven years by both parties, . . then that would be the true dividing line between them." This proposition, which is material upon one branch of the case, occurs in more than one place in the charge, and is an erroneous statement of the law, in that it fails to instruct the jury that the acquiescence essential to the establishment of a line must be not only for the period fixed in the statute, but be shown by acts or declarations. "An unascertained or disputed boundary line between coterminous proprietors may be established either by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise duly executed; or by acquiescence for seven years by the acts or declarations of owners of adjoining land, as provided in the Civil Code (1910), § 3821. When a line has been located and established by seven years acquiescence, as required by the code, the line thus located and established is binding on the grantees of the coterminous proprietors." *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860). And in the case of *Cassels* v. *Mays,* 147 *Ga.* 224 (93 S. E. 199), it was said: "It is provided in the Civil Code, § 3821, that 'acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line.' Where the principle of law embodied in this provision is applicable under the evidence, and the court undertakes to give it in charge to the jury, it should be given substantially if not literally. This requirement was not met by the court below in its instructions upon this subject, inasmuch as the words 'by acts or declarations of adjoining landowners' were omitted therefrom. This omission constituted material error, as the jury might have thought that mere passive acquiescence would suffice to establish a dividing line, whereas acquiescence of that character is not sufficient."

2. There was no allegation in the answer of the defendants that the boundaries of the land as claimed by the plaintiff were not correctly stated or had been "unintentionally misstated" in the deeds executed by the intermediate owners of the land between the common grantor and the plaintiff; nor was there any evidence to the effect that the boundaries as set forth in these deeds were

unintentionally misstated; and there was no prayer for reformation of the deed from the commôn grantor to the first of the plaintiff's predecessors in title. Consequently the court was not authorized, under the pleadings or the evidence, to charge the jury, in substance, that the defendants contended that "in the deed under which the plaintiff holds the boundaries given therein were unintentionally misstated."

3. R. F. Gainey was the common grantor of the plaintiff and defendants. The first of the deeds in the series through which the plaintiff deraigns title was to one Mandy Lockhart (afterwards Rogers), executed on June 21, 1887, and containing this description of the land conveyed: "five acres of land, part of lot No. 45, in the 9th district, bounded as follows: west by the original lot line thirty-one chains; north branch, J. C. Nicholls' land, nine chains; east by lands of R. F. Gainey thirty-one chains; and south by lands of R. F. Gainey nine chains." The metes and bounds of the land thus conveyed are set forth in the written instrument. It does not appear that the description as given is vague or indefinite, and that the boundaries set forth are not susceptible of exact location. Consequently the purchaser (the grantee in the deed) obtained the whole of the land lying within the metes and bounds set forth in the deed, though it is more than five acres. The court, over objection, permitted Mandy Rogers (formerly Lockhart) to testify as follows: "The land that I got from Mr. R. F. Gainey under deed to Mandy Lockhart, dated June 21, 1887, was marked off; to show where that line was, a stob was put up there in front and in the edge of the lane and a big stump down there. . . There is a lane that goes through that tract. The stobs were on the northern side of that lane, next to the branch. I did not claim under that deed any land on the other side of that road. From that lane running down there, the land that I got from Mr. Gainey went on to the branch. I know where the lane is that runs between where I had my garden, between there and Mrs. Ward's big field. I did not get that land from Mr. Gainey. He would not sell it to me. I asked him if he would sell from the garden fence right out to the road. He didn't want to sell any more. I am talking about the garden to the road; that's where the stob was. I did not claim any land at all between my fence and Mrs. Ward's fence. I claimed five acres in front of

Jackson's house, running down to the branch, and from the west to the east corner I claimed. I do not know directly how much of that tract I have described I had fenced in, but I believe as much as an acre, or may be a little more. The vacant land that I claimed lay down towards the branch." This testimony should have been excluded. It does not appear that it was introduced for the purpose of merely locating the line fixed as boundary in the deed, but apparently it was thereby attempted to show that the true lines were not there as distinctly set forth in the deed; inasmuch as the only conversation which the witness had with reference to the boundaries to which she referred in this testimony was contemporaneous with the taking of the deed from her grantor. Evidence of an oral agreement between the grantee and her grantor, prior to or contemporaneously with the execution of the deed, is not admissible to vary its recitals as to the metes and bounds of the land conveyed. 9 C. J. 209. This is not to be construed as holding that if parol evidence is necessary to assist in establishing lines as actually written in the conveyance, it might not be introduced for that purpose.

4. It is undoubtedly competent for a defendant to introduce evidence showing a paramount title outstanding in a third person, without connecting the defendant's claim with that title, to defeat the plaintiff in an action of ejectment. That has been ruled in several cases decided by this court; and the ruling is based upon the ground that the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. Upon reason it would seem that the same defense is available in a suit for injunctive relief and for damages, such as the present one. It follows from this that the court did not err in admitting evidence tending to show outstanding title in a third person, nor in refusing to give charges which would have prevented the jury from giving effect to this testimony in making their verdict.

Certain parts of the court's charge to the jury, complained of in the motion for a new trial, but with which we have not expressly dealt, were not entirely accurate, and yet are not of such character as to require the grant of a new trial, or of sufficient importance to require discussion. As the judgment is reversed upon certain grounds ruled upon above, no opinion is expressed as to the sufficiency of the evidence to authorize the verdict. As

to much of the testimony contained in the brief of the evidence it may be properly remarked that it is impossible for one reading the record to determine what was the substance of the testimony there set forth, because the witnesses were permitted to testify that certain lines or certain things indicated were "here" or "there," the quoted words here and there being followed by the statement that the witness indicated the point to which his testimony had reference. Manifestly the witness had a diagram or map before him, and, while using the expressions attributed to him, indicated some point or line on the diagram, which made his evidence intelligible to the jury; but it is left entirely cryptic here, as such diagram or map is not in the record.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

GEORGE, J., concurs in the judgment of reversal, and specially in the ruling announced in headnote one, because bound by the decision in *Cassels* v. *Mays* (supra).