## 37990. SCALES *v.* WOOD.

CARLISLE, Judge. 1. In special ground 1 of the amended motion for a new trial in this action for damages for cutting timber on land allegedly belonging to the plaintiff (the plaintiff and defendant being coterminous landowners) error is assigned on a portion of the charge of the court relating to agreed land lines as follows: "If you find that they (the parties or their predecessors in title) did agree, the previous owners *or either one of them* agreed on the line and set up the corners at that time, then that would constitute the legal line." The charge is, as contended, unsound as an abstract principle of law. "An unascertained or disputed boundary line between two coterminous proprietors may be established by oral agreement if accompanied by actual possession up to the line, or when the agreement is otherwise executed, such as by the marking of the line by monuments, stakes, or blazes, by both parties to the agreement." *Cagle* v. *Brady,* 69 *Ga. App.* 162 (1) (24 S. E. 2d 865). The agreement and its executions must be the act of both the coterminous landowners. Obviously, one alone could not agree. Neither would the mere marking of the line by one, although acquiesced in by another, constitute such an agreement as to become immediately effective as an "agreed line." It is likely that the court was thinking of one of several privies in title, rather than of one of two coterminous landowners, in making this instruction; nevertheless, it cannot be said that his meaning was so plain as not to have misled the jury.

2. "An unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement when fully executed, and when so established it is immediately binding upon them and subsequent purchasers." *Wright* v. *Anthony,* 205 *Ga.* 47 (1) (52 S. E. 2d 316). It was accordingly error to charge: "If they agreed on the line and it became effective then it wouldn't have to run but seven years" because an agreed line, as opposed to a line established through acquiescence, becomes effective immediately rather than at the expiration of seven years.

3. "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code § 85-1602. An instruction that if the jury should find the owners "stood by and let the line be established for seven years

or more and that line stayed that way by acquiescence for seven years, that would establish the line between the parties," but which fails to include in the instruction that "the acquiescence essential to the establishment of a line must be not only for the period fixed in the statute, but be shown by acts or declarations" is erroneous. *O'Neal v. Ward*, 148 *Ga.* 62 (1) (95 S. E. 709). The instruction complained of in special ground 2 was incomplete in this particular and consequently erroneous.

4. For error to be harmless, this court must be able to hold as a matter of law that there was no evidence in the record which would authorize a verdict for the losing party. It is here contended that a verdict is demanded because the plaintiff alleged in his petition that he was the owner of certain lands as shown by a described plat and that the deeds under which he claimed did not refer to such plat. This contention is without merit; the plaintiff, after proving his chain of title through his deeds, introduced in evidence a plat showing the boundary line between the two properties as contended by him. No objection was offered to this evidence, and so far as this record shows it does not appear that the land shown on the plat was not the same land embraced in the deed. The plaintiff contended that, although he had temporarily acquiesced in a line pointed out to him by the defendant, this acquiescence had not continued for seven years, and that he had subsequently learned of a survey showing the lines to have been different from those pointed out by the defendant, as a result of which he contended the defendant had misinformed him as to the line. The defendant, on the other hand, contended that the survey had been inaccurate and at variance with the true line as established between himself and predecessors in title of the plaintiff. Under all of the evidence a jury question was presented, for which reason the inaccuracies in the charge above referred to constituted harmful error. The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 4, 1959.

*R. E. Kirby, Brannon & Brannon,* for plaintiff in error.
*Leon Boling,* contra.