## 41101. BANKS v. HOLT.

JORDAN, Judge. S. M. Banks filed an application with the processioners of the 1274th District, G. M., of Gilmer County to have marked anew the east boundary line of his property, it being asserted in the application that the original land lot lines of lots 259 and 260 constituted the line to be surveyed and marked. After notice to the adjoining landowner, Mrs. Marie Derden Holt, the processioners surveyed the line and filed a return establishing as the dividing line between the property of the parties, the original land lot lines as sought by the applicant. To this return Mrs. Holt filed a protest in which she alleged that a certain described line, now marked by a fence, which had been located and recognized by the adjoining landowners for a period of more than 50 years, was the true boundary line, and not the line established by the processioners.

The issue thus raised was tried in the Superior Court of Gilmer County and a verdict was rendered in favor of Mrs. Holt. Mr. Banks' amended motion for a new trial was denied and the exception is to that judgment. *Held:*

■ The trial court did not err as contended in special ground 2 in failing to charge the jury without request the law relating

to the establishment of a dividing line by acquiescence with respect to the line claimed by the applicant, Mr. Banks, as the true dividing line between his property and that of Mrs. Holt.

"To establish a line by acquiescence, it must appear that the owners of the property to be affected by the establishment of the line either acted in such a manner for a space of seven years, or made such declarations during the continuance of that period, as to show that the line claimed was the true line between the estates." *Catoosa Springs Co. v. Webb*, 123 Ga. 33, 34 (50 SE 942). "There must be acquiescence by the acts or declarations of *both* the 'adjoining landowners.' " *Bradley v. Shelton*, 189 Ga. 696, 697 (4a) (7 SE2d 261). "Mere passive acquiescence" is not sufficient to establish a dividing line. *Cassels v. Mays*, 147 Ga. 224 (93 SE 199); *O'Neal v. Ward*, 148 Ga. 62 (1) (95 SE 709); *Scales v. Wood*, 100 Ga. App. 836 (3) (112 SE2d 670).

While there was some evidence of the cutting of timber by the applicant on the land in dispute, this was not sufficient to show that both of the adjoining landowners, or their predecessors in title, either by their acts or declarations had agreed upon the line claimed by Mr. Banks as the true dividing line, *Southern Timber Co. v. Bland*, 32 Ga. App. 658 (124 SE 359); and there was no other evidence in this case which was sufficient to authorize the submission of this issue in charge to the jury.

■ The general grounds and the remaining special ground have been abandoned.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED FEBRUARY 12, 1965—REHEARING DENIED
MARCH 23 AND APRIL 1, 1965.

*Herman J. Spence*, for plaintiff in error.

*Henderson & Pope, A. J. Henderson, Marion T. Pope, Jr.*, contra.