### 63595. EVERETT ASSOCIATES et al. v. GARNER.

BIRDSONG, Judge.

Breach of Sales Contract. Richard Garner desired to sell a condominium located at Colony House West, Atlanta, for $111,000. He negotiated a sale with Leigh Michaels, Inc., a real estate business located in New Jersey, through its agent and co-purchaser, Michael Floyd. The sale was handled by Everett Associates, a broker, through Everett's agent Kay Saunders. Floyd gave a check for $2,000 to Saunders as earnest money with an additional promise to provide another $3,000 followed by yet another $5,000, making a total

payment of earnest money of $10,000. The contract called for the broker to receive the earnest money which was to be promptly deposited in the broker's escrow account and applied as a part of the purchase price at closing. As a special stipulation, all earnest money deposits were to be paid by the broker to the seller if the purchaser failed to consummate the sale at closing. Apparently Floyd had deposited a $10,000 certificate of deposit in a local bank and sought to have the broker Everett hold the $2,000 check so as not to require the encashment of the certificate of deposit and lose interest. Everett honored the request and did not cash the check. Approximately a month later Floyd, an attorney, prevailed upon an old friend from law school, Marvin N. Clark, to act as escrow agent for the sale and gave Clark a check for $5,000 followed by a second check for $5,000. Clark also was persuaded not to cash the two checks because of the certificate of deposit. Everett was informed of Clark's substitution as escrow agent in lieu of Everett but Garner was not so informed until shortly before the time set for closing. The face of the contract provided that the contract could not be modified except in writing and signed by both parties to the sale. After Clark informed Everett that he had received the $10,000 escrow, Everett returned the $2,000 check to Floyd without negotiating the same. The contract also provided that Everett was a party to the contract and as broker was entitled to enforce its right to commissions from the seller if the contract did not close. At the closing date, May 1, 1980, the contract did not close, apparently because from the time of the entry into the contract until time of closing, the interest rate increased from 10% to 19%. Attempts to locate Mr. Floyd or representative of Leigh Michaels, Inc. proved fruitless. Garner then looked to Everett for payment of the $10,000 earnest money due seller in the event of default by the purchaser. The certificate of deposit apparently had gone into limbo with Floyd and the two checks, when surrendered by Clark to the registry of the court, proved to be worthless. Although Everett had not collected the $2,000 check from Floyd, nevertheless, Everett paid $2,000 of its own money into the registry of the court. Garner brought suit against Everett and Saunders as Everett's agent and against Clark seeking the $10,000 earnest money. Everett counterclaimed against Clark for failing to obtain cash for the two checks. The trial court granted partial summary judgment to Garner against Leigh Michaels and Floyd for $10,000 as both were in default. Garner also was granted partial summary judgment against Everett for $10,000 for breach of contract in failing to obtain the $10,000 earnest money as called for in the contract. Everett obtained summary judgment as to all Garner's counts except the ones involving the liability of Leigh Michaels and Floyd (Count 2) and the

count involving itself (Everett) (Count 5). The trial court denied Everett's motion for summary judgment specifically as to Count 5 and to all the complaint. Everett brings this appeal enumerating these rulings of the trial court. *Held:*

Appellant Everett contends that the $10,000 is in fact a penalty and in a real estate contract, penalties are not enforceable but recovery is limited to actual damages shown. Inasmuch as Garner did not prove any actual damages, Everett argues it should have been granted summary judgment. See *Mayor &c. of Brunswick v. Aetna Indemnity Co.,* 4 Ga. App. 722, 728 (62 SE 475).

Depending on the language used in the contract and the intent of the parties, the existence of an earnest money provision in a real estate contract can have one of three effects in the case of a breach by the buyer. First, the money could be considered as partial payment of any actual damages which can be proven as the result of the breach; second, the money could be applied as part payment of the purchase price in the enforcement of the contract in a suit for specific performance; and thirdly, the money could be liquidated damages for breach of the contract by the buyer. In this case, Garner did not seek actual damages or specific performance. The contract in this case provided that in the event of default, the $10,000 earnest money would be paid to Garner. In deciding whether a contract provision is enforceable as liquidated damages, a court must decide if the injury caused by the breach is difficult or impossible of accurate determination; whether the parties intended to provide for damages rather than a penalty and whether the sum stipulated is a reasonable pre-estimate of the probable loss. *Tuten v. Morgan,* 160 Ga. 90, 92 (127 SE 143); *Martin v. Lott,* 144 Ga. 660 (87 SE 902). In this case considering a contract for $111,000 and the staggered payments called for in the earnest money, together with the uncertainty of the real estate market, we have no hesitancy in concluding that an affirmative answer to the above three questions is demanded from the dealings between the purchaser and the seller as to the three tests to be applied in ascertaining if liquidated damages were intended.

In this case Everett made itself a party to the contract for the purpose of protecting its broker's commission. In order to earn that commission, Everett performed the valuable service of bringing the buyer and seller together. It then promised that it would obtain and hold $10,000 as earnest money and apply that to the purchase price at the time of closing or if the contract failed because of breach by the purchaser, to pay the earnest money deposits over to the seller. As a result of Everett's failure to obtain the earnest money payments as promised, when Garner lost his contract he also lost the $10,000 earnest money. Garner and Everett are in agreement with the facts.

They simply disagree as to the interpretation of those facts. The purpose of the summary judgment act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Summer-Minter Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Such is the instant case. We find no error in the grant of partial summary judgment to Garner nor in denying summary judgment to Everett.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 7, 1982 —
REHEARING DENIED JUNE 7, 1982 — 

*Dana F. Persells,* for appellants.
*Herbert C. Broadfoot II, David M. Pollard, Antonio L. Thomas, Michael L. Floyd,* for appellee.
*Marvin N. Clark,* pro se.