## A89A2224. BUDGET-LUXURY INN OF DAYTON, LTD. et al. v. KAMASH ENTERPRISES, INC.

### (390 SE2d 607)

McMurray, Presiding Judge.

On June 20, 1986, plaintiff Kamash Enterprises, Inc., and defendant Budget-Lùxury Inn of Dayton, Ltd., executed a "letter of commitment" pursuant to which plaintiff agreed to purchase certain property from defendant for the sum of $900,000. The property was described as the "Admiral Benbow Hotel (excluding garage), 3rd and Jefferson Street, Dayton, Ohio." The agreement provided that the closing was "contingent upon inspection and approval of the statements of accounts of the hotel and inspection and approval of the property itself within 14 days of the acceptance of this Letter of Agreement by all parties." With regard to earnest money, the agreement provided: "Upon the signing of this agreement, the purchaser shall remit the sum of $50,000 earnest money to Uni-Real, Inc. (a Georgia Licensed Broker) to be thereafter held by Uni-Real, Inc., until the removal of the 14-day contingency period hereinabove referred to and then shall be deposited into a trust account of Escrow Agent — To be appointed for closing (Chicago Title & Insurance Co.)." Pursuant to the commitment letter, plaintiff remitted a $50,000 check made payable to defendant Uni-Real, Inc., and endorsed as follows: "For deposit only in escrow acct."

Thereafter, the parties amended their agreement in order to reduce the total price of the property to $800,000. In a July 10, 1986, letter confirming the parties' understanding, the president of defendant Uni-Real, Inc., set forth the new terms of payment. In so doing, he added: "As per your agreement, we will deposit your check in the amount of $50,000, which is your non-refundable earnest money deposit, and this will apply in full against the purchase price." Plaintiff acknowledged and agreed to the new terms set forth in the July 10, 1986, letter by signing it.

Thereafter, the parties failed to close and, on August 5, 1986, plaintiff demanded the return of the earnest money. Defendants refused to return the earnest money and plaintiff instituted suit seeking the return of the earnest money plus interest from August 5, 1986. Defendants answered the suit and denied any liability to plaintiff.

The case was tried by the court sitting without a jury. With regard to the character of the earnest money, the president of defendant Uni-Real, Inc., testified: "I think the intent in this instance was not as a reimbursement for any economic out of pocket expense, but it was an effort on the part of the seller to see if the buyer was dead serious in this transaction to take this property off of the market for what amounted to six to eight weeks." He added that the $50,000 figure "was an arbitrary number that . . . the seller suggested."

After trial, judgment was entered in favor of plaintiff and against defendants, the trial court reasoning that the agreement was unenforceable because the description of the property was not set forth with sufficient certainty to identify and quantify the land in question. Defendants appeal, asserting (1) the trial court should not have considered the sufficiency of the legal description because that was not an issue at trial and (2) the trial court erred in ruling the legal description to be insufficient. *Held*:

"Depending on the language used in the contract and the intent of the parties, the existence of an earnest money provision in a real estate contract can have one of three effects in the case of a breach by the buyer. First, the money could be considered as partial payment of any actual damages which can be proven as a result of the breach; second, the money could be applied as part payment of the purchase price in the enforcement of the contract in a suit for specific performance; and thirdly, the money could be liquidated damages for breach of the contract by the buyer." *Everett Assoc. v. Garner*, 162 Ga. App. 513, 515 (291 SE2d 120). In the case sub judice, defendants seek neither actual damages nor specific performance. Thus, defendants can justify retaining the money only if it constitutes liquidated damages.

"A contractual provision requiring payment of a stipulated sum by one of the parties upon termination or cancellation of the contract will be treated as an enforceable liquidated damages provision rather than an unenforceable penalty only if all three of the following factors are present: First, the injury caused by the breach must be difficult or impossible of accurate estimation; second the parties must intend to provide for damages rather than a penalty; and third, the stipulated sum must be a reasonable pre-estimate of the probable loss resulting from such a breach. See *Thorne v. Lee Timber Prods.*, 158 Ga. App. 226, 227 (279 SE2d 521) (1981), citing *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976)." *Broadcast Corp. of Ga. v. Subscription Television*, 177 Ga. App. 199 (338 SE2d 775). Based on the evidence adduced at trial, at least two of the three factors required for a finding of liquidated damages are missing: the intention to provide for damages and the estimate of the probable loss. The testimony of defendant Uni-Real, Inc.'s president makes this clear. In his words, the $50,000 figure bore no relation to estimated damages; rather, it was an arbitrary number — high enough to ensure that the buyer would go through with the deal.

Because the earnest money in the case sub judice was clearly an unenforceable penalty, *Florence Wagon Works v. Salmon*, 8 Ga. App. 197 (2) (68 SE 866), we need not consider whether the trial court erred in its consideration of the description set forth in the letter of commitment. Whether or not the trial court erred is of no conse-

quence since there is no evidence in the record which would authorize a judgment for defendants. See *Ricks v. Redwine*, 73 Ga. 273 (2a) (1884); *Scales v. Wood*, 100 Ga. App. 836, 837 (4) (112 SE2d 670).
*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1990 —
REHEARING DENIED FEBRUARY 2, 1990 — 

*Slaughter & Virgin, Frank W. Virgin,* for appellants.
*Hartley, Rowe & Fowler, G. Michael Hartley, Elizabeth A. Geoffroy,* for appellee.