TUTEN *v.* MORGAN, receiver, *et al.*

ATKINSON, J. On March 15, 1923, the physical property and franchises of a railway company were put up and exposed for sale as a going concern by the receiver under an order of court passed in receivership proceedings. Tuten submitted an offer to purchase the property at the price of $50,001. Payments of the purchase-money were to be made as follows: $5000 in cash on acceptance of this offer. The bidder was to be allowed until 12 o'clock noon of April 2, 1923, to determine whether or not he found himself able to carry out the purchase, and to notify the court of his decision. If he notified the court on or before the hour and date stated that he was unable to carry out the purchase, his deposit of $5000 was to be then returned to him by the receiver, and the bid of $50,000 previously submitted by another bidder was to be automatically accepted and confirmed, and the property was to be conveyed and delivered to such other bidder. If Tuten notified the court, on or before the hour and date named, of his intention and ability to carry out his purchase, he was then to be appointed by the receiver as general manager in charge of the operation of the

property, upon his depositing with the receiver the additional sum of $5000. The two deposits were to be held by the receiver as a guarantee- fund to protect and indemnify "the receivership estate against all loss and damage claims" that might arise during his tenure of office as general manager, and any portion thereof not used in the payment of such claims was to be applied towards the payment of the purchase-price of the property. The compensation of Tuten as general manager was to consist only of such net profits as might be earned from the operation of the property by him as general manager. He was to be allowed until 12 o'clock noon of May 31, 1923, to pay the balance of the purchase-price. If he did not pay to the receiver, on or before the date and hour named, the balance of the purchase-price of said property, then said deposits of $10,000 or such portion thereof as it might not be necessary to use in the settlement of loss or damage claims arising during the time of his administration as general manager, was to be held and retained by the receiver as liquidated damages for his failure to carry out his purchase, and the previous bid of the other bidder was to be automatically accepted and confirmed, and the property was to be conveyed and delivered to such prior bidder on the payment by him of his bid. The bid of Tuten was accepted, and he made the first payment of $5000 in cash. On or before April 2, 1923, Tuten notified the court of his intention and ability to carry out his purchase, and upon depositing with the receiver an additional sum of $5000 he was by the receiver appointed general manager in charge of operating the property. The court passed a consent order extending the time of the payment of the balance of the purchase-money from May 31, 1923, to June 20, 1923. Tuten failed to pay the balance of the purchase-money within the time specified. Thereupon the prior bid of $50,000 was by order of the court automatically accepted and confirmed, and the property conveyed and delivered to the person making said bid upon his payment thereof. Thereupon Tuten filed his intervention in the receivership proceedings, in which he prayed the court to grant an order requiring the receiver to refund to him said sum of $10,000 deposited by him with the receiver, less such actual damages as might have been sustained by the receiver because of his failure to carry out the terms of his bid. The matter was submitted to the judge for determination upon the facts stated. The trial judge declined to grant the relief prayed by the intervenor, and to this judgment he excepted and assigned error thereon in this court. *Held:*

1. Where property and franchises of a railway corporation were, under order of court, put up and exposed for sale by a receiver, and a person submitted to the receiver an offer to purchase such property and franchises at a given price and upon certain terms and conditions specified in such offer, the acceptance of such offer by the court and the payment by the bidder of the first installment of the purchase-money constituted a contract of purchase.

2. If the parties agree, in their contract, what the damages for a breach shall be, they are said to be liquidated; and unless the agreement violates some principle of law, the parties are bound thereby. Civil Code (1910), § 4390.

(a) The language of the instrument itself, although not conclusive on

the question, must be primarily looked to and considered in determining whether stipulated damages amount to a penalty or are liquidated. *Sanders* v. *Carter*, 91 *Ga.* 450 (17 S. E. 345).

(*b*) Where the parties to a contract agree upon and fix the damages, not as a penalty, but as stipulated and liquidated, and so write it down in the agreement, such damages will be treated as liquidated and the parties will be bound thereby, unless the agreement violates some principle of law. *Goodman* v. *Henderson*, 58 *Ga.* 567. If such damages are unreasonable and not actually intended by the parties to be liquidated, the law will give only actual damages; and in all cases where the damage is capable of computation and is not uncertain in its character, such stipulations will be declared to be penalties. Civil Code (1910), § 4391.

3. Where the purchaser of the property and franchises of a railway company at receiver's sale, at the price of $50,001, paid or deposited with the receiver $10,000 of the purchase-money, but failed to pay the remainder of the purchase-price within the time agreed upon, the receiver retaining possession of the property until the purchase-money was paid in full, and operating the property through the purchaser as his general manager, the compensation of the latter being the net earnings of the railway earned while so managed by the purchaser, a stipulation in the contract of purchase, prepared and inserted therein by the purchaser, which provided that if the purchaser did not pay the receiver, at the time agreed upon, the balance of the purchase-price, then said deposits of $10,000, or such portion thereof as might not be necessary to pay loss or damage claims arising during the time of the purchaser's administration as general manager, were to be held and retained by the receiver as liquidated damages for his failure to carry out his purchase, such stipulation, under the facts, was one for liquidated damages, was not unreasonable, and violated no principle of law. *Allison* v. *Dunwody*, 100 *Ga.* 51 (28 S. E. 651); *Martin* v. *Lott*, 144 *Ga.* 660 (87 S. E. 902).

(*a*) The amount of the stipulated damages is fixed and certain, to wit: $10,000; and the fact that the allocation of the damages is uncertain does not render this stipulation one of penalty and not for liquidated damages.

4. Applying the above principles, the trial court did not err in refusing to order its receiver to refund to the intervenor the above deposits on the purchase-money of this property.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

*Seabrook & Kennedy*, for plaintiff in error.

*Hitch, Denmark & Lovett* and *J. P. Dukes*, contra.