## 31136. SOUTHEASTERN LAND FUND, INC. v. REAL ESTATE WORLD, INC.

INGRAM, Justice.

Certiorari was granted in this case[1] for this court to consider whether a provision in a real estate sales contract, providing for the payment of earnest money, should be considered as a provision for liquidated damages. The Court of Appeals concluded this provision was a penalty and could not be enforced.

The litigation began when the seller filed suit against the buyer who defaulted under the contract. The buyer had paid $5,000 in cash as earnest money when the contract was signed. Thereafter, a promissory note for $45,000, representing additional earnest money, was executed and delivered by the buyer to the seller pursuant to the contract. The buyer defaulted at closing and the seller sued the buyer to collect the $45,000 note. The seller obtained a summary judgment in the trial court and the buyer's motion for summary judgment and counterclaim for return of the $5,000 earnest money were denied.

On appeal to the Court of Appeals, that court reversed in a 6-3 decision and held the earnest money provision of the contract amounted to a penalty. The Court of Appeals also ruled that the buyer's motion for summary judgment should have been granted by the trial court.

The contract provides: "In the event purchaser defaults hereunder after having paid the additional earnest money [$45,000] . . . seller shall be entitled to retain all original earnest money [$5,000] paid hereunder as partial liquidated damages occasioned by such default, to collect the proceeds of the indebtedness owed by

---

[1]The decision of the Court of Appeals is reported in 137 Ga. App. 771 (224 SE2d 747) (1976).

purchaser as additional earnest money as further partial liquidated damages occasioned by such default, and to pursue any and all remedies available to him at law or equity including, but not limited to, an action for specific performance of this contract."

If, as the Court of Appeals found, this provision in the contract was a penalty, or is unenforceable as a liquidated damages provision, then the buyer can prevail in asserting a defense to the enforcement of the $45,000 note. If, on the other hand, this is a proper provision for liquidated damages, then the seller can prevail in enforcing the note. Of course, whether a provision represents liquidated damages or a penalty does not depend upon the label the parties place on the payment but rather depends on the effect it was intended to have and whether it was reasonable. See *Lytle v. Scottish American Mortgage Co.*, 122 Ga. 458 (50 SE 402) (1905). Where the parties do not undertake to estimate damages in advance of the breach and instead provide for both a forfeiture (penalty) plus actual damages, the amount, even though called liquidated damages, is instead an unenforceable penalty. See *Foote & Davies Co. v. Malony*, 115 Ga. 985 (42 SE 413) (1902).

The seller argues that a seller who is not in default may *always* retain the earnest money paid by the buyer and sue for actual damages above the amount of earnest money received under the contract. We do not agree with this argument and the seller cites no authority that supports it. While it is true that the earnest money feature of a real estate contract distinguishes it to some extent from a wholly executory contract, the same basic contract rules are used to determine available remedies for the breach of a real estate sales contract as for the breach of other contracts. The general contract law of remedies for a breach, as well as the intent of the parties in providing specific remedies in the contract, must be used in analyzing and deciding each particular case.

Depending on the language used in the contract and the discernible intent of the parties, the existence of an earnest money provision in a real estate sales contract can have one of three effects in the case of a breach by the buyer. First, the money could be considered as partial

payment of any actual damages which can be proven as the result of the buyer's breach.[2] Second, the money could be applied as part payment of the purchase price in the enforcement of the contract in a suit for specific performance by the seller. Third, the money could be liquidated damages for breach of the contract by the buyer. A provision for earnest money cannot, however, under Georgia law, be used for all three results as we shall see.

Of course, if the real estate sales contract is silent on the remedy to be provided, the non-breaching seller is entitled to his proven actual damages. The ordinary measure of damages is the difference between the contract price and the market value of the property at the time of the buyer's breach. *Chives v. Young,* 81 Ga. App. 30 (57 SE2d 874) (1950). If the non-breaching seller sues for actual damages, the earnest money then becomes a fund out of which those damages are partially paid if the proven damages exceed the amount of the earnest money.[3]

Even if the real estate contract is silent as to the remedy of specific performance, it is still available as a remedy unless it is specifically excluded as a remedy. In the cases in which rescission has been used as a remedy the parties are put as nearly as is possible back to the status quo ante. See *Lightfoot v. Brower,* 133 Ga. 766 (66

---

[2]We do not decide in this case whether a breaching buyer may sue in the first instance for recovery of earnest money if the seller suffers no actual damages.

[3]Apparently, in many instances where real estate sales contracts provide that earnest money will be retained by the seller to be applied toward seller's damages, as a result of the buyer's default, no suit is brought by the seller to prove his actual damages and likewise the buyer does not contest whether the seller has actually suffered damages or the extent of them. In these circumstances, the earnest money is really treated by the parties as liquidated damages, after a breach by the buyer, even though the parties did not agree to liquidate the damages in their contract.

SE 1094) (1909); *Walter L. Tally, Inc. v. Council,* 109 Ga. App. 100 (135 SE2d 515) (1964); *Woodruff v. Camp,* 101 Ga. App. 124 (112 SE2d 831)(1960). Cf. *Higgins v. Kenney,* 159 Ga. 736 (126 SE 827) (1924).

Of course, Georgia law also recognizes that the parties may agree in their contract to a sum to liquidate their damages. Code Ann. § 20-1402 provides: "Damages are given as compensation for the injury sustained. If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, *the parties are bound thereby.*" (Emphasis supplied.) See also Code Ann. § 20-1403.

In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present:

"First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss." Calamari & Perillo, The Law of Contracts, 367 (1970). See *Tuten v. Morgan,* 160 Ga. 90, 92 (127 SE 143) (1924), and *Bernhardt v. Federal Terra Cotta Co.,* 24 Ga. App. 635 (101 SE 588) (1919). See also *Martin v. Lott,* 144 Ga. 660 (87 SE 902) (1915).

Another feature implicit in the concept of liquidated damages in addition to the above factors is that both parties are bound by their agreement. See Code Ann. § 20-1402. See, e.g., Jarro Bldg. Indus. Corp. v. Schwartz, 54 Misc. 2d 13 (281 NYS2d 420) (1967). A non-breaching party who has agreed to accept liquidated damages cannot elect after a breach to take actual damages should they prove greater than the sum specified. The breaching party cannot complain that the actual damages are less than those specified as liquidated damages. The liquidated damages become the "maximum as well as the minimum sum that can be collected." *Mayor &c. of Brunswick v. Aetna Indemnity Co.,* 4 Ga. App. 722, 727 (62 SE 475) (1908).

The problem that this particular contract provision

raises is whether the seller has tried to retain a right to elect to sue for actual damages rather than liquidated damages and in so doing has rendered the purported liquidated damages provision unenforceable. This particular paragraph in the contract provides for "partial" liquidated damages. This can be read that the parties intended for the two "partial" liquidated damages provisions to comprise the whole. However, it is also susceptible to the construction that these two partial liquidated damages were not intended to be the sole damages remedy for this particular breach of contract.

The contract provision that included the retention of the right to elect specific performance as an alternative remedy to damages poses no problem in our analysis as it does not render a valid liquidated damages provision unenforceable. See, e.g., *Wells v. First Nat. Exhibitors' Circuit,* 149 Ga. 200 (99 SE 615) (1919). "The law is now well settled that a liquidated damages provision will not in and of itself be construed as barring the remedy of specific performance." Rubinstein v. Rubinstein, 23 N. Y. 2d 293 (244 NE2d 49) (1968). To bar specific performance there should be explicit language in the liquidated damages provision that it is to be the sole remedy. See also Restatement, Contracts, § 378. Thus the retention of the right to elect specific performance in this contract does not render the purported liquidated damages provision invalid. The answer must be found elsewhere in the construction of these contract provisions.

We think a correct resolution of this issue must be found in the doctrine that "in cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty, and limits the recovery to the amount of damages actually shown, rather than a liquidation of the damages." *Mayor &c. of Brunswick v. Aetna Indemnity Co.,* supra, p. 728. If the parties intended for the $5,000 and the $45,000 to represent the "maximum as well as the minimum sum that can be collected," from the buyer's breach, the contract should have made it clear that this was the effect intended by these provisions. It is the lingering ambiguity inherent in these provisions of the contract that persuades us to affirm the result reached by

the Court of Appeals in construing the contract.

In summary, we hold that these contract provisions are not enforceable under Georgia law as proper liquidated damages provisions in this real estate sales contract. It follows that the trial court erred in granting summary judgment in favor of the seller and we affirm the Court of Appeals reversal of that portion of the trial court's order. However, the existence of the actual damages, if any, to be proven by the non-breaching seller precludes the grant of the buyer's motion for summary judgment. Therefore, that portion of the Court of Appeals opinion directing the grant of the buyer's motion for summary judgment must be reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

ARGUED JUNE 14, 1976 — DECIDED JULY 9, 1976.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, J. Stanley Hawkins,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Troy R. Millikan,* for appellee.