## 55018. DEPARTMENT OF TRANSPORTATION v. FORTUNE BRIDGE COMPANY.

McMurray, Judge.

This case involves a contract for the construction of a roadway and three bridges on U. S. Highway 29 in Gwinnett County, Georgia. The sole legal question before the court is whether or not certain funds being withheld by the Department of Transportation, State of Georgia, is based on a valid and enforceable liquidated damage provision of the contract or a clause which operates as a penalty and is therefore unenforceable.

The contract was awarded to Fortune Bridge Company by the Department of Transportation based upon its contract proposal which was incorporated into the contract. All work specified by the contract was to be completed within a period of 620 days for a bid price of approximately $1 million. However, the actual contract amount would be determined after completion of the contract when the actual quantities of work would be established. The contract in question incorporated various documents including plans and various specifications found in the standard State Highway Department's supplemental specifications, one of which (8.08) was entitled "Failure or Delay In Completing Work on Time," providing "[t]ime is an essential element of the contract..." and for the assessment of sums against the contractor who does not complete the work called for by the contract within the time required by the contract or within any extra time allowed by the department. This specification also provided for a schedule of deductions for each day of overrun in contract time.

As stipulated by the parties the time of the contract was extended to a total of 661 calendar days. However, other requests for extensions were denied by the department and whether or not these requests for extension of time were proper is a disputed issue between the parties. The department began assessing sums against Fortune for delay. All roadways and bridges on the project were finally opened to the public and traffic, and the work was finally completed, albeit the department assessed against Fortune a total of 365 days

in accordance with its interpretation of the liquidated damages feature of the specifications, that is, at the rate of $200 per day, resulting in a total assessment of $73,000.

Fortune Bridge Company sued the Department of Transportation, State of Georgia, within 120 days from the date of tender of the final release by the Department of Transportation, contending it had performed its obligations under the contract, its work was finally accepted and plaintiff is due $73,000 which the defendant has retained as alleged liquidated damages arising from an alleged time overrun; plus the additional sum of $7,980.25, tendered as a final payment to plaintiff which it refused to accept and which remains due the plaintiff. Fortune alleged "fraud" on the part of the department and its engineer in Count 1. Fortune also alleged as damages the sum of $80,980.25 in Counts 1, 2, 3 and prayed for these amounts. As to Count 4 Fortune prayed that in the alternative that it recover $26,230.25. Plaintiff contends the assessment of the liquidated damages was unconscionable, unreasonable and unjust under the circumstances and "is in fact the imposition of a penalty, which is void as a matter of law," and further that if based upon the schedule "even if the DOT was entitled to retain any liquidated damages herein, the maximum amount arguably due the DOT . . . is $54,750 and not $73,000."

Plaintiff filed a motion for summary judgment contending that under the pleadings and all other documents on file in the case, including a stipulation of facts attached thereto containing the contract and specifications involved as well as admitting the above facts, that it was entitled to judgment as a matter of law and that judgment should be entered in its favor. The court in its final order made certain findings of fact and therein stated that certain disputed matters remained between the parties such as the amount, sufficiency, legality and correctness of extensions of time with reference to the contract, as well as the amount, legality and correctness of the assessment made by the defendant. However, the court concluded that the recent case of *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227 (227 SE2d 340), is controlling in this situation and concluded that the liquidated damages provision

providing that since the same was cumulative and in addition to every other remedy (equity, statutory or under the contract) the contract provision here in issue was not a valid liquidated damages provision, hence a penalty. Therefore, based upon *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, supra, the motion for summary judgment was sustained, and the defendant was ordered to pay over to the plaintiff the sums due, including the $73,000 which defendant contended was liquidated damages "plus interest at the legal rate from the date of completion of the contract." Defendant appeals. *Held:*

It is noted that in *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, 230, supra, the Supreme Court held that in order to be a valid liquidated damages provision, the following factors must be present: (1) the injury caused by the breach must be difficult or impossible of accurate estimation; (2) the parties must intend to provide for damages rather than for a penalty; and (3) the sum stipulated must be a reasonable pre-estimate of the probable loss. See also *Tuten v. Morgan,* 160 Ga. 90, 92 (127 SE 143); *Bernhardt v. Federal Terra Cotta Co.,* 24 Ga. App. 635, 636 (2) (101 SE 588). The Supreme Court also added: "Another feature implicit in the concept of liquidated damages in addition to the above factors is that both parties are bound by their agreement." The very essence of the agreement contained in the specifications (8.08) is that time is of the essence and any delay in the prosecution of the work may inconvenience the public, obstruct traffic, or interfere with business, as well as "increase the cost of engineering," and the "charges shall be assessed against any money due or that may become due" in accordance with a schedule therein, not as a penalty but "due to the uncertainty and impossibility of making a determination as to the actual and consequential damages which are incurred by the Department, the State and the general public as a result of the failure on the part of the Contractor to complete the work on time." It is clear that no evidence has been produced that the sum assessed is not disproportionate to the inconvenience occasioned by the delay (if any, being an issue of fact remaining). See *Heard v. Dooly County,* 101 Ga. 619 (1), 626-628 (28 SE 986); *Sanders v. Carter,* 91

Ga. 450 (1) (17 SE 345).

In addition, the specification (8.08) in subparagraph A-3 reads that "[t]he liquidated damages referred to herein are intended to be and are cumulative and shall be in addition to every other remedy now or hereafter enforceable at law, in equity, by statute, or under the Contract." As stated in *Southeastern Land Fund,* p. 231, the retention of the right to elect other remedies "does not render a valid liquidated damages provision unenforceable." The trial court construed the decision of the Supreme Court to have held the so-called "liquidated damages" clause in *Southeastern Land Fund* case to have been a penalty because of the similar contract provisions that the "liquidated damages" clause was not the sole remedy. We note that the Supreme Court held that "the lingering ambiguity" of such clause was merely persuasive, and then it proceeded to hold the liquidated damages provision not enforceable. However, we do not believe the reasoning of the Supreme Court was based solely on this ambiguous provision which is somewhat similar to the language in the contract here.

Accordingly, the trial court erred in construing the liquidated damages provision as not valid, and issues of fact remain for determination.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED MARCH 9, 1978 —
REHEARING DENIED MARCH 23, 1978 —
CERT. APPLIED FOR.

*Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellant.

*Phillips, Hart & Mozley, Albert E. Phillips, George C. Reid,* for appellee.