## 39784. LASETER v. BROWN et al.

SMITH, Justice.

In 1980 Francine and David Brown, as sellers, and Frank Laseter, as purchaser, entered into a contract for the sale of land. The agreement provided that Laseter would pay $63,500 for a commercial tract located at the corner of Taylor and Twelfth Streets in Griffin, Georgia. The sale was to be contingent upon Laseter securing a license for the operation of a retail liquor store on the property from city officials. The contract, which was drafted by Laseter's attorney, further provided for payment of $500 earnest money by Laseter to the Browns. Paragraph 8 (b) of the contract stated: "If said sale is not consummated because of Purchaser's default, then the seller shall be entitled to retain the Purchaser's earnest money as full liquidated damages of such default by the Purchaser."

The contract was duly executed and in March 1981 the City of

Griffin issued Laseter the necessary liquor license. In April 1981, however, Laseter's attorney wrote the Browns to inform them that Laseter was terminating the contract and would not go through with the sale. After extended and ultimately unsuccessful settlement negotiations, the Browns sued Laseter for specific performance of the contract. The trial court granted the Browns' motion for summary judgment and ordered specific performance of the contract. Laseter appeals.

1. The main issue on appeal is whether the trial court's order granting specific performance was proper. Laseter contends that the liquidated damages clause contained in Paragraph 8 (b) of the contract is the Browns' sole avenue of recourse in the event of the Purchaser's default, and that specific performance is not available as a remedy to the Browns. We disagree.

In *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227 (227 SE2d 340) (1976), this court stated: "Even if the real estate contract is silent as to the remedy of specific performance, it is still available as a remedy unless it is specifically excluded as a remedy . . . 'The law is now well settled that a liquidated damages provision will not in and of itself be construed as barring the remedy of specific performance' . . . To bar specific performance there should be explicit language in the liquidated damages provision that it is to be the sole remedy." Id. at 229-31. The trial court found that there was no language excluding specific performance as a remedy in the Brown-Laseter contract. We agree that the contract is unambiguous on this point. Laseter's proffered evidence to the contrary, which purported to show that the parties intended liquidated damages to be the sole remedy for the Browns, violated the parol evidence rule and was properly disregarded by the trial judge in ruling on the Browns' motion for summary judgment. OCGA § 24-6-1 (Code Ann. § 38-501); *Kellos v. Parker-Sharpe, Inc.,* 245 Ga. 130, 132 (263 SE2d 138) (1980). This enumeration is without merit.

2. The trial judge reviewed the terms of the contract in light of the requirements set out in *Golden v. Frazier,* 244 Ga. 685 (261 SE2d 703) (1979). He found that the contract was in writing, signed by the parties, was certain and fair, for adequate consideration, and capable of being performed so that it was specifically enforceable. Laseter does not challenge this finding on appeal and we see no reason to disturb this ruling. Specific performance is an appropriate remedy under these facts.

3. Laseter further contends that the Browns' summary judgment motion was erroneously granted because there remained material issues of fact as to whether the land contract was mutually rescinded and as to certain alleged fraudulent conduct by the

Browns. Our review of the record discloses no basis in law or fact for either of these claims.

4. One question remains. The wording of the trial court's order in this case created some doubt as to the proper disposition of the $500 earnest money deposit paid by Laseter and characterized in the contract as "full liquidated damages." In the *Southeastern Land Fund* case, supra, this court addressed the possible effect of such a deposit in the case of breach by the purchaser: "First, the money could be considered as partial payment of any actual damages which can be proven as the result of the buyer's breach. Second, the money could be applied as part payment of the purchase price in the enforcement of the contract in a suit for specific performance by the seller. Third, the money could be liquidated damages for breach of the contract by the buyer." 237 Ga. at 229. This case presents the second situation alluded to in *Southeastern Land Fund*, where the most equitable distribution of the earnest money is to apply it as part payment of the purchase price in an action for specific performance. We therefore affirm that portion of the trial court's order granting specific performance of the contract but remand the case for entry of an order allowing Laseter to apply the earnest money as part payment of the property's purchase price.

*Judgment affirmed with direction. All the Justices concur.*

DECIDED JUNE 28, 1983.

*Larry H. Evans,* for appellant.
*Howard P. Wallace,* for appellees.