46093. LIBERTY LIFE INSURANCE COMPANY v. THOMAS B. HARTLEY CONSTRUCTION COMPANY, INC.
(375 SE2d 222)

MARSHALL, Chief Justice.

Thomas B. Hartley Construction Co., Inc., as buyer, sued Liberty Life Insurance Co., as seller, to recover a $37,000 earnest-money payment it had made to Liberty Life contemporaneously with the execution of a real-estate sales contract. The seller declined to return any portion of the payment (which was about 10% of the purchase price) in reliance on the following contractual provision:

In the event buyer elects not to close this contract on or before the specified closing date, then in such event the earnest money will be forfeited as full liquidated damages to seller.

The trial court granted summary judgment to the seller. The Court of Appeals reversed. *Thomas B. Hartley Constr. Co. v. Liberty Life Ins. Co.*, 187 Ga. App. 849 (371 SE2d 657) (1988). We granted certiorari to determine: (1) who bears the burden of proof as to the reasonableness of the damages vis-a-vis the probable loss, and (2) whether the enforceability of a liquidated-damages provision is a question of fact for the jury or a question of law.

In answer to the first question, at trial the burden is on the defaulting party to show that the provision is a penalty. 25 A CJS, Damages, Section 144 (f). In answer to the second question, the enforceability of a liquidated-damages provision in a contract is a question of law for the court. *Martin v. Lott*, 144 Ga. 660, 665 (87 SE 902) (1916). However, in deciding that question, the court must make the tripartite inquiry outlined in *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976), which necessarily requires the resolution of questions of fact.[1]

The case before us is on appeal, not from a bench trial, but from the trial court's grant of summary judgment in favor of the seller. The burden to be thrust upon the buyer, on trial, that of convincing the court that the provision amounts to a penalty as a matter of law, does not yet apply. Here, the seller, as the movant for summary judgment, has the burden of showing that as to the three prongs of *Southeastern*, supra, no genuine issue of material fact exists, in which event, summary judgment would be appropriate. OCGA § 9-11-56. There is no burden on the buyer, as respondent, until the seller proves the nonexistence of any genuine issue of material fact. Only then is the buyer, in order to withstand summary judgment, required to show that there is a question of material fact. In this case, the seller met his burden of proof on summary judgment but the buyer failed to show the existence of a genuine issue of material fact. The injury which would be caused by failing to close would be "difficult or impossible of accurate estimation." As pointed out by the dissent in the Court of Appeals, the ordinary measure of damages in this type of case is the difference between the contract price and the market value of the property at the time of the buyer's breach. Market value at the time of the breach would be subject to the varying opinions of experts, who would have to reconstruct a past market when making their evaluation. Further, there is no question the parties intended to provide for liquidated damages—the damages clause was denominated as liquidated by the parties, and the damages were a reasonable pre-estimate of the probable loss. *Southeastern*, supra at 228. Because there was no question of material fact that the damages provision constituted liquidated damages rather than a penalty, the trial court did not err by granting summary judgment in favor of the seller.

*Judgment reversed. All the Justices concur.*

---

[1] " 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' [cits.]" *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976). Of course, on appeal from a judgment after a non-jury trial, we would be bound by the trial court's findings of fact unless they were clearly erroneous.

DECIDED JANUARY 19, 1989.

*Fortune & White, John A. Howard,* for appellant.
*W. Courtney La Fon, Beverley J. Hall,* for appellee.