A89A2301. MAZ MEDICS, INC. v. SATELLITE ADVERTISING SYSTEMS, INC.
(391 SE2d 446)

CARLEY, Chief Judge.

Appellee-plaintiff contracted to produce and have aired certain television commercials for appellant-defendant's business. The contract contained a liquidated damages provision and, after appellant breached the contract, appellee brought suit. The trial court, sitting as the trior of fact, found that the liquidated damages provision of

the contract was enforceable. Judgment was entered for appellee and appellant appeals from that judgment.

1. Appellant enumerates the general grounds, urging that the contractual provision for liquidated damages is an unenforceable penalty.

"[A]t trial, the burden is on the defaulting party to show that the provision is a penalty. [Cit.] . . . [T]he enforceability of a liquidated-damages provision in a contract is a question of law for the court . . . which necessarily requires the resolution of questions of fact." *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989). The evidence authorized the trial court to find that appellee's damages would be difficult to assess with accuracy, that the parties' intent was to provide for damages rather than a penalty, and that the amount specified was a reasonable pre-estimation of appellee's probable loss. *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976). See also *Daniels v. Johnson*, 191 Ga. App. 70, 71 (1) (381 SE2d 87) (1989).

2. Appellant's second enumeration of error regarding the trial court's award of prejudgment interest is without merit. OCGA § 7-4-15; *Considine Co. of Ga. v. Turner Communications Corp.*, 155 Ga. App. 911, 915 (6) (273 SE2d 652) (1980).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 20, 1990.

*Charles L. Day*, for appellant.
*Steven M. Youngelson, Leslie J. Cardin*, for appellee.