A90A0617. MORGAN ENTERPRISES, INC. v. GORDON
GILLETT BUSINESS REALTY, INC.
(395 SE2d 303)

Birdsong, Judge.

Morgan Enterprises d/b/a Springfield Dairy Queen appeals the grant of summary judgment to the plaintiff realtor, Gordon Gillett Business Realty, Inc., which found Morgan Enterprises liable to pay $20,000 "liquidated damages" for having cancelled Gordon Gillett's realty contract before the term expired. Morgan Enterprises contends an issue of fact exists as to whether the liquidated damages clause was, in fact, an unenforceable penalty, under cases such as *Fickling & Walker Co. v. Giddens Constr. Co.*, 258 Ga. 891 (376 SE2d 655). *Held*:

In determining whether a forfeiture provision in a contract amounts to an enforceable liquidated damages provision, or is an unenforceable penalty clause, the trial court at the summary judgment level must conduct a tripartite inquiry according to these standards: " 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the . . . loss.' [Cits.]" *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340). This tripartite inquiry is designed to resolve whether a provision for damages for breach amounts to "liquidated damages" under OCGA § 13-6-7.

At trial the burden is on the defaulting parties to show the provision is a penalty (*Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222)), but the lay of this burden does not yet arise at the summary judgment level. Id. On cross-motions for summary judgment, each party must show there is no genuine issue of material fact regarding the resolution of these three points of inquiry and that each, respectively, is entitled to summary judgment; either party, to prevail by summary judgment, must bear its burden of proof.

Thus, in order for plaintiff Gordon Gillett to obtain summary judgment in enforcing this "damages" provision, Gordon Gillett bears the burden to prove the foregoing three elements in its favor. Id. The trial court erred in finding Gordon Gillett had carried this burden of proof in this case.

The listing agreement in this case provides that if appellant cancelled the contract during the listing term, "the commission shall become immediately due by the [s]eller to the [b]roker." The commis-

sion in this case is described as follows: "Seller agrees to pay [b]roker *ten* (10%), but in any event not less than *$8,000*, of the purchase price." Gordon Gillett contends that because the seller, Morgan Enterprises, set the "purchase price" at $200,000, the commission at ten percent is thus $20,000. But there was no purchase. Clearly the parties intended the *actual* "purchase price" as set by the seller to be flexible.

Gordon Gillett contends vigorously that since appellant seller set the "purchase price" at $200,000 in the contract, the contract must be construed against appellant. But the clause providing the hoped-for purchase price set by seller is not the subject of interpretation. In question is the "liquidated damages" clause, providing a forfeiture of "10% of the purchase price or not less than $8,000." Inasmuch as the form document, and that "liquidated damages" paragraph, clearly was prepared by Gordon Gillett, any ambiguities in it must be construed against Gordon Gillett. Moreover, in cases where doubt or ambiguity exists in the construction of the damages clause, we must favor the construction which holds "the stipulated sum" to be a penalty. *Southeastern Land Fund v. Real Estate World*, supra.

In this case "the stipulated sum" to be paid on default is not stated at $20,000 as Gordon Gillett contends, but is "10% of the purchase price, but in any event, not less than $8,000." The only reason Gordon Gillett contends this language ought to translate, beyond any genuine issue of fact, to $20,000, is that appellant seller set the prospective purchase price at $200,000. But, the property was never sold and Gordon Gillett does not contend it ever had a buyer ready, willing and able to pay any sum. Moreover, the *damages provision itself* shows beyond issue that the commission, at 10 percent of purchase price, was not necessarily $20,000, but could be as low as $8,000; hence, the purchase price is not established by the contract beyond any issue of fact, and neither is the commission. "If the parties intended for [$20,000, or ten percent of the prospective purchase price] to represent the 'maximum as well as the minimum sum that can be collected,' from the [appellant's] breach, the contract should have made it clear that this was the effect intended by these provisions. It is the lingering ambiguity inherent in these provisions of the contract that persuades us" (id. at 231) that appellee Gordon Gillett has not borne its burden to prove these damages are not a penalty. This is particularly so because we must construe the ambiguity against Gordon Gillett as the drawer of the contract and particularly since in cases of doubt the courts must favor the construction of a penalty. Id.

Gordon Gillett maintains nevertheless that, addressing the tripartite inquiry, the damages are impossible to ascertain since appellant never attempted to sell the property; that the parties did not

intend this to be a penalty; and that $20,000 is a reasonable pre-estimate of loss. But the trial court could not reach the full scope of these inquiries, as a trier of fact, because *the provision was ambiguous on its face*. And, it is evident these three elements cannot be resolved within the four corners of the contract. The fact that Morgan Enterprises never sold the property does not mean the realtor's loss was impossible or difficult to determine. Moreover, it is self-evident that in order to conclude that *"10% of the purchase price or not less than $8,000"* is a reasonable pre-estimate of damages, then on the face of the provision, such reasonable pre-estimate could as easily be $8,000 as $20,000. Clearly that is what Gordon Gillett intended. Otherwise, if the highest possible commission ($20,000) is extracted as an arbitrary amount, or to ensure the seller goes through with the deal, then it is a penalty. *Budget-Luxury Inn v. Kamash Enterprises*, 194 Ga. App. 375 (390 SE2d 607).

We thus find no grounds upon which summary judgment for $20,000 liquidated damages should have been granted to Gordon Gillett, for the damage (commission) provision is so ambiguous as to render the "purchase price" prima facie uncertain. Gordon Gillett failed to bear its burden to prove beyond any genuine issue of material fact that it was entitled to $20,000 rather than $8,000, or somewhere in between.

Because the contract provision at issue is ambiguous on its face, it must be construed against Gordon Gillett, the construction of the provision as a penalty is favored by law, and thus demanded. Id. at 231; *Mayor &c. Brunswick v. Aetna Indem. Co.*, 4 Ga. App. 722, 728 (62 SE 475). Accordingly, the trial court erred in denying summary judgment to appellant Morgan Enterprises and granting summary judgment to Gordon Gillett.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1990 —
REHEARING DENIED JUNE 25, 1990.

*Brannen, Searcy & Smith, Joseph J. Berrigan*, for appellant.
*Gary M. Wisenbaker*, for appellee.