[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS  K. KAHN
CLERK

No. 05-10941
Non-Argument Calendar

_____

D. C. Docket No. 03-02890-CV-RWS-1

JOSEPH CHANDY,

Plaintiff-
Counter-Defendant-Appellant,

versus

RACETRAC PETROLEUM, INC.,

Defendant-
Counter-Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 14, 2005)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joseph Chandy appeals the district court's entry of summary judgment in favor of RaceTrac Petroleum, Inc. ("RaceTrac"), in this breach-of-contract action arising out of a contract for the sale of one of RaceTrac's gasoline service stations (the "Sale Agreement") in Zephyrhills, Florida for $2.2 million. After Chandy defaulted on his obligations under the Sale Agreement -- in part, because of his inability to obtain financing -- RaceTrac retained his "earnest money" in the amount of $220,000, pursuant to a liquidated damages clause in the Sale Agreement.[1] Chandy then filed this action in the district court, based on diversity jurisdiction. The district court entered summary judgment, after concluding that the liquidated damages clause was enforceable, under Georgia law. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

[1] RaceTrac filed a counterclaim, seeking recovery of an additional $50,000, pursuant to a "Letter Agreement," executed after Chandy's default. The parties subsequently filed a joint stipulation to dismiss RaceTrac's counterclaim, indicating that Chandy was the prevailing party in the claim and allowing him to seek attorneys' fees and costs relating to the counterclaim. The dismissal of the counterclaim is not at issue in this appeal.

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)).

Georgia substantive law controls the interpretation of the Sales Agreement in this action based on diversity jurisdiction. See Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir.1987) (holding that forum state's contract law is applied in a diversity action in determining the construction and interpretation of the agreement). Under Georgia law, "if the parties agree in their contract what damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound by it." O.C.G.A. § 13-6-7. The defaulting party to the contract bears the burden to establish the unenforceability of a liquidated damages clause. See Caincare, Inc. v. Ellison, 612 S.E.2d 47, 49 (Ga. Ct. App. 2005); Swan Kang, Inc. v. Tae Sang Kang (YI), 534 S.E.2d 145, 146 (Ga. Ct. App. 2000). The Georgia Supreme Court has held that a liquidated damages clause is enforceable if (1) the injury caused by the breach of the contract is difficult or impossible to accurately estimate; (2) the parties intended to provide for damages

3

rather than a penalty; and (3) the sum stipulated upon by the parties is a reasonable pre-estimate of the probable loss. Southeastern Land Fund v. Real Estate World, 227 S.E.2d 340, 343 (Ga. 1976); Caincare, 612 S.E.2d at 49; Swan Kang, 534 S.E.2d at 146.

On appeal, Chandy argues the district court erred by enforcing the liquidated damages clause in this case because  none of the foregoing three conditions for enforceability were met. We disagree.  In pertinent part, on factors (1) and (3) of the Southeastern Land test, the district court observed the following:

> [T]he uncontradicted evidence before the Court shows that the $220,000 figure selected by RaceTrac was the product of a pre-execution analysis on the part of a RaceTrac representative to ascertain the extent of the company's injuries should Mr. Chandy default.  In particular, the sworn testimony provided to the Court illustrates that Christine Mudd, RaceTrac's Director of Property Sales, performed an independent analysis on the damages that might be incurred if the Service Station transaction "fell tough," This analysis is reported to have included consideration of a host of factors, including, inter alia, "lost opportunity costs" . . ., the current profitability of the Service Station, as well as the costs associated with "winding down" the Service Station's operation as a RaceTrac facility.

(citations omitted).   The district court rejected Chandy's challenges to the reasonableness of the $220,000 figure, finding that "the amount selected appears to be reasonably proportionate to the financial injury one might expect from a breach on the part of the purchaser."   The district court also highlighted that the Georgia

4

Supreme Court has found, "with little hesitation," reasonable a forfeiture provision providing that a seller of real estate may retain 10% of the purchase price upon the buyer's default. See Liberty Life Ins. Co. v. Thomas Hartley Constr. Co., 375 S.E.2d 222, 223 (Ga. 1989). As for factor (2) of the Southeastern Land test, the Sale Agreement shows that the parties clearly contemplated, and intended, for the earnest money to be treated as liquidated damages in the event of a breach: "In the event the transaction contemplated hereby is not closed because of purchaser's default, the earnest money may be retained by seller as liquidated damages for such a default." Sale Agreement ¶7.

Based upon our review of the record and the district court's thorough and well-reasoned order applying Georgia law to the largely undisputed facts and addressing virtually every argument raised in this appeal, we can find no reversible error in the district court 's disposition of this case and affirm its judgment in all respects.

**AFFIRMED.**