**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A1827. GWINNETT CLINIC, LTD. v. BOATEN.

McFADDEN, Presiding Judge.

Gwinnett Clinic, Ltd. ("the Clinic") brought an action against Dr. Afua Sarpon Boaten alleging that she had breached her employment contract with the Clinic and seeking liquidated damages pursuant to that contract. The trial court granted summary judgment to the Clinic on the issue of Boaten's liability to it for breach of contract but ruled after a bench trial that the contract's liquidated damages provision was an unenforceable penalty. Because the Clinic had not sought any actual damages, the trial court awarded it no damages for Boaten's breach of contract. See generally *Caincare, Inc. v. Ellison*, 272 Ga. App. 190, 195 (1) (612 SE2d 47) (2005) (discussing procedural posture where party seeks to recover for breach of contract only pursuant to unenforceable liquidated damages provision). The Clinic appeals.

We agree with the trial court that the liquidated damages provision was unenforceable and, therefore, affirm.

"Georgia law allows parties to provide for liquidated damages in their contracts, and unless the provision violates some principle of law, the parties are bound by their agreement." *Mariner Health Care Mgmt. Co. v. Sovereign Healthcare*, 306 Ga. App. 873, 874 (1) (703 SE2d 687) (2010) (citations omitted). See OCGA § 13-6-7. "[A] liquidated damages claim is enforceable if (1) the injury caused by the breach of the contract is difficult or impossible to accurately estimate; (2) the parties intended to provide for damages rather than a penalty; and (3) the sum stipulated upon by the parties is a reasonable pre-estimate of the probable loss." *Caincare, Inc.*, supra, 272 Ga. App. at 192 (1) (citing *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340) (1976); other citations omitted). At a bench trial, the burden is on the defaulting party — here, Boaten — to show the provision is a penalty, and the "defaulting party can carry this burden by proving any of the three factors is lacking." *Caincare, Inc.*, supra, 272 Ga. App. at 192 (1) (citation omitted). See *Valley Place v. T. I. Equity Fund (1995)*, 246 Ga. App. 378, 381 (1) (541 SE2d 37) (2000). Although the enforceability of a liquidated damages provision is a question of law, the above "tripartite inquiry . . . necessarily requires the resolution

2

of questions of fact," *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989) (citation and footnote omitted), and we will not disturb the trial court's factual findings, made after a bench trial, if there is any evidence to sustain them. *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 643 (4) (507 SE2d 823) (1998). See generally *Maz Medics v. Satellite Advertising Systems*, 194 Ga. App. 583, 584 (1) (391 SE2d 446) (1990) (considering whether evidence supported trial court's factual findings on tripartite inquiry after bench trial on enforceability of liquidated damages provision).

The evidence presented at the bench trial showed that in the summer of 2014, Boaten discussed employment as a physician with the Clinic, which sent her a copy of its standard employment contract to review. That contract contained a clause, titled "Liquidated Damages," that pertinently provided:

> Employer and Employee acknowledge that the actual damages in the event of a breach by either party to this Agreement will be impractical and extremely difficult to ascertain, that the liquidated damages set forth herein represent Employer and Employee's best estimate of such damages, and that Employer and Employee believe such liquidated damages are a reasonable estimate of such damages. Employer and Employee expressly acknowledge that the foregoing liquidated damages are intended not as a penalty, but as full liquidated damages, as permitted by O.C.G.A. § 13-6-7, in the event of breach of

3

this Agreement and as compensation for the non-breaching party's inability to further rely upon the benefits of this Agreement for the remainder of its terms as determined by the date of the breach.

If either party breaches the Agreement and fails to honor the Agreement to commence the Employment or terminates the Employment Agreement with an effective date prior to the completion of Employee's third Employment Year, the liquidated damages shall be $75,500.00 (equal to six months salary of Employee's First Year Salary, i. e., $151,000.00), payable by the party breaching/terminating the Agreement, without cause, to the other party.

Boaten reviewed this contract and asked questions about some of its provisions, but she did not ask any questions about the liquidated damages provision.

On August 15, 2014, Boaten met with the Clinic's president, Dr. J. J. Shah, and both parties signed the contract and initialed all of its pages, including the page containing the liquidated damages provision. At this meeting, they negotiated the length of the term of employment but did not discuss the liquidated damages provision or engage in any specific negotiations related to it. Boaten subsequently accepted an offer to work for a different employer. She did not report for work at the Clinic on her contracted start date.

The trial court found that the evidence presented at the bench trial satisfied the first prong of the tripartite inquiry (an injury that is difficult or impossible to accurately estimate) but not the second prong (the parties intended to provide for damages rather than a penalty) or the third prong (the stipulated sum is a reasonable pre-estimate of the probable loss). As a result, the trial court concluded that the contract's liquidated damages provision was an unenforceable penalty. The trial court's finding as to the first prong is not at issue on appeal. We agree with the trial court about the third prong, as detailed below, and so we do not decide about the second prong.

We find no error in the trial court's conclusion that the liquidated damages provision was unenforceable, because the evidence supported his finding as to the third prong — that there was no reasonable pre-estimation of probable loss. "[T]he touchstone question is whether the parties employed a reasonable method under the circumstances to arrive at a sum that reasonably approximates the probable loss of the defaulting party." *Caincare, Inc.*, supra, 272 Ga. App. at 193 (1). The parties' statement to this effect in their contract is not dispositive. See *Nat. Svc. Indus. v. Here to Serve Restaurants*, 304 Ga. App. 98, 102-103 (695 SE2d 669) (2010); *Lager's, LLC v. Palace Laundry*, 247 Ga. App. 260, 265-266 (3) (543 SE2d 773) (2000). The

5

record must show evidence that prior to the execution of the agreement, there was an attempt "to estimate damages resulting from a potential breach." *JR Real Estate Dev. v. Cheeley Investment*, 309 Ga. App. 250, 255 (1) (c) (709 SE2d 577) (2011) (citation and punctuation omitted).

No evidence was presented in this case that tied the contract's stipulated sum — a half-year's salary — to the probable loss of either party upon the other party's breach. The provision at issue in this case stipulated a single, unvarying sum as liquidated damages. Compare *Antonios v. Gwinnett Clinic*, 294 Ga. App. 101, 102-103 (1) (668 SE2d 531) (2008) (in a case involving the same contract at issue here, affirming the trial court's ruling enforcing a different liquidated damages provision that awarded damages for an employee's failure to give sufficient notice of termination by calculating damages based on the number of days that the notice was deficient). It required this single amount to be paid, regardless of which party breached the employment agreement and regardless of what point during the term of employment the breach occurred. Under the liquidated damages provision, an employee who did not work the full contractual term would have to pay the employer a half-year's salary whether she worked all but one day of the contractual period or did not work a single day. Likewise, under the provision, the employer who fired an

6

employee without cause would have to pay the employee a half-year's salary whether it fired the employee at the outset of the contractual period or one day before that period expired. The provision required payment of a half-year's salary whether or not the abandoned employer found another worker or the fired employee found another job. Consequently, the provision "provides [the non-breaching party] with payment potentially bearing no reasonable relation to actual damages." *Peterson v. P. C. Towers*, 206 Ga. App. 591, 594 (3) (426 SE2d 243) (1992) (citation omitted). See *Daniels v. Johnson*, 191 Ga. App. 70, 72 (1) (381 SE2d 87) (1989) (where designated sum "would be in some instances too large and in others too small a compensation for the injury occasioned" it "was not shown to have a reasonable pre-determined relation to the contractual damages the [non-breaching party] might suffer") (citations and punctuation omitted).

Although, at the bench trial, Clinic president Shah described the type of damages that the Clinic might sustain if an employee did not appear for work, he offered no explanation for how the contract's designated sum — a half-year's salary — related to those damages. See *Caincare, Inc.*, supra, 272 Ga. App. at 194 (1) (citing party's failure to explain how sum in liquidated damages provision was chosen in finding that defaulting party had shown sum was unreasonable estimate of probable

7

loss and thus unenforceable penalty); *Lager's, LLC*, supra, 247 Ga. App. at 266-267 (3) (citing lack of evidence as to reasonableness of formula in finding liquidated damages provision to be unenforceable penalty). To the contrary, Shah's testimony suggested that the Clinic arbitrarily selected this amount for its standard contract. See *Budget-Luxury Inn of Dayton v. Kamash Enterprises*, 194 Ga. App. 375, 376 (390 SE2d 607) (1990) (affirming trial court's ruling that liquidated damages provision was unenforceable penalty where evidence supported finding that amount of damages was an "arbitrary number" that "bore no relation to estimated damages"); *Thorne v. Lee Timber Products*, 158 Ga. App. 226, 227 (279 SE2d 521) (1981) (permitting inference that liquidated damages provision was unenforceable penalty from evidence that contract's "procedure for calculating damages did not, in reality, provide a true estimate of damages"). Shah testified that originally the Clinic had stipulated a full-year's salary as damages for early termination, but later it reduced that sum to a half-year's salary to make the sum less burdensome for employees. See generally *Physician Specialists in Anesthesia v. MacNeill*, 246 Ga. App. 398, 401 (1) (539 SE2d 216) (2000) (evidence that formula was chosen because it "would be a just amount" showed that no effort was made to pre-estimate probable loss). Shah testified, however, that even the full-year's salary would not have compensated the

8

Clinic for the damages it incurred where, as here, an employee never appeared for work, and he described the half-year's salary as being "on a very low end" of a reasonable estimate of its loss.

Shah's testimony also suggested that one purpose of the liquidated damages provision was to deter employees from breaching the agreement. When asked why the Clinic included the provision in its standard employment contract, he explained that the Clinic "expects [employees] to be present so that the plans [the Clinic] make[s] for staffing physicians at various locations are fulfilled and that [the employees] show up." "[W]here a designated sum is inserted into a contract for the purpose of deterring one or both of the parties from breaching it, it is a penalty." *Daniels*, supra, 191 Ga. App. at 71 (1) (citations and punctuation omitted).

For these reasons, the evidence presented at the bench trial authorized the trial court to find that the liquidated damages provision was not a reasonable pre-determination of probable loss. Consequently, the trial court did not err in concluding that it was an unenforceable penalty and could not establish the Clinic's damages for Boaten's breach of the employment contract.

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.

9