## A05A2296. KAR PRINTING, INC. v. PIERCE.
### (623 SE2d 704)

BLACKBURN, Presiding Judge.

Following a bench trial, KAR Printing, Inc. ("KAR") appeals the trial court's judgment awarding Dana Pierce damages for lost profits due to KAR's breach of contract, contending that Pierce did not provide sufficient evidence to support the trial court's award of damages. We agree and reverse.

> Upon appellate review, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citations and punctuation omitted.) *Lyon v. State of Ga.*[1]

So viewed, the evidence shows that Pierce, an independent graphic designer, engaged KAR, a printer, to print advertising material Pierce designed for KISS 104.1, a radio station. KAR's first production was of poor quality, and KAR agreed to provide a second production free of charge. At Pierce's request, KAR also wrote a letter to KISS 104.1, taking responsibility for the poor quality of the material. The second production contained errors, and after revisions for which Pierce agreed to pay, the second production still contained an error and could not be used by KISS 104.1. KISS 104.1 had historically hired Pierce for jobs on a regular basis, but after the second production failed, KISS 104.1 did not hire Pierce again.

When Pierce failed to pay KAR for the revisions to the second production, KAR sued Pierce for nonpayment, and Pierce counterclaimed, seeking lost profits due to KISS 104.1's refusal to hire Pierce for subsequent jobs. Following a bench trial, the trial court found Pierce not liable to KAR and awarded Pierce $10,000 for lost profits. KAR appeals the judgment and award as to Pierce's counterclaim.

KAR contends that the evidence did not support the trial court's award to Pierce of $10,000 in damages for lost profits. We agree.

> Ordinarily, anticipated profits are too speculative to be recovered, but where the business has been established, has made profits and there are definite, certain and reasonable data for their ascertainment, and such profits were in the

---

[1] *Lyon v. State of Ga.*, 230 Ga. App. 264 (495 SE2d 899) (1998).

contemplation of the parties at the time of the contract, they may be recovered even though they can not be computed with exact mathematical certainty. Nonetheless, to recover lost profits one must show the probable gain with great specificity as well as expenses incurred in realizing such profits. In short, the gross amount minus expenses equals the amount of recovery.

(Citation and punctuation omitted.) *Authentic Architectural Millworks v. SCM Group USA.*[2]

Here, Pierce testified only that he "earn[ed] . . . [a]pproximately $10,000 a year" from KISS 104.1 for his graphic design work. He did not provide a basis for the trial court to determine what expenses, such as printing costs, would be associated with that work, nor did he testify as to how much time he would have available for other projects in lieu of the work for KISS 104.1. He simply estimated that he lost approximately $10,000, without any explanation. Cf. *Crosby v. Spencer*[3] (plaintiff "gave extensive testimony regarding his computation of lost profits . . . based on his calculation of net profits realized"). Therefore, Pierce did not show " 'the probable gain with great specificity as well as expenses incurred in realizing' " the profit. *Authentic Architectural,* supra at 832 (4). "[Pierce] having failed to put up any evidence of [his] anticipated expenses, [his] proof of lost profits was insufficient as a matter of law, and the judgment in favor of [Pierce] must be set aside." *Williamson v. Strickland & Smith, Inc.*[4] Based on this holding, KAR's remaining enumeration is moot.[5]

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 22, 2005.

*Scott M. Stevens*, for appellant.
*Denise M. Warner*, for appellee.

---

[2] *Authentic Architectural Millworks v. SCM Group USA,* 262 Ga. App. 826, 831-832 (4) (586 SE2d 726) (2003).

[3] *Crosby v. Spencer,* 207 Ga. App. 487, 488 (1) (428 SE2d 607) (1993).

[4] *Williamson v. Strickland & Smith, Inc.,* 263 Ga. App. 431, 435 (2) (587 SE2d 876) (2003).

[5] We hereby deny Pierce's motion to dismiss KAR's appeal, in that the current Rules of the Court of Appeals do not require KAR to submit enumerations of error separate from its appellate brief, contrary to Pierce's assertion. See Court of Appeals Rule 22 (a).