## A06A0437. KIM v. PARK.
(626 SE2d 232)

BLACKBURN, Presiding Judge.

Following a bench trial, Yong Woon Kim appeals a declaratory judgment in favor of Ki-Hyum Park, which declared that post-judgment interest on a previous judgment obtained by Park against Kim was due and owing. In his sole enumeration of error, Kim argues that based on the evidence presented at the trial, Park was equitably estopped from collecting that interest. Because the evidence supported the court's findings to the contrary, we affirm.

Kim sought a declaratory judgment against Park to have the court find that Kim did not owe post-judgment interest on a prior judgment obtained by Park against Kim. Specifically, Kim claimed that the parties had reached an agreement in which Park agreed to forego the post-judgment interest on the judgment if Kim made regular monthly payments of $3,000 on the judgment. Kim further argued that even if no such agreement existed, Park was equitably estopped from collecting such interest since a bank, which for a period of time had received Kim's $3,000 monthly payments as payments on a debt Park owed the bank, had not contested Kim's representation that no post-judgment interest was accruing on the debt. Indeed, when the bank reassigned the debt back to Park, it set forth as the amount remaining due an amount that assumed no post-judgment interest was accruing.

A bench trial ensued, in which Kim introduced a letter he sent to Park that confirmed he would pay Park $3,000 per month on the debt in exchange for Park's not pursuing collection activities while such payments were made. The letter also contained a request that Park consider waiving post-judgment interest. Park testified that he never agreed to the latter request, a point largely undisputed by Kim. Based on this evidence, the court expressly found that the parties had never agreed to waive the post-judgment interest and that $73,459.21 was due and owing. Regarding equitable estoppel, the court rejected this theory, finding that at most Kim had simply hoped that the bank and Park would agree to waive the post-judgment interest.

In his appeal of this judgment, Kim does not contest the trial court's finding that there was no agreement to forego interest. Rather, Kim claims that the evidence required that the trial court rule in his favor on the equitable estoppel issue. Because some evidence supported the court's findings that equitable estoppel was not shown, we affirm.

The standard for appellate review of a bench trial is clear:

> On appeal from a bench trial, we do not retry the case. Rather, the appellate standard of review for nonjury trials of

disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported the appellant's position. In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence.

(Punctuation omitted.) *Sledge v. Peach County.*[1]

Here, the only issue on appeal is whether the evidence undisputedly established that Park, who for a period of time assigned the debt and its payments to a bank to secure and pay on a debt Park owed the bank, was equitably estopped from seeking the post-judgment interest based on the bank's failure to contest Kim's representation to the bank that no post-judgment interest was owing. Indeed, at the point the bank reassigned the debt back to Park, the bank (based on Kim's representations to the bank) incorrectly stated that the amount remaining due was $94,270.55, which amount assumed no post-judgment interest was accruing.

To establish equitable estoppel, Kim was required to show:

[F]irst, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other.

(Punctuation omitted.) *Hunnicutt v. Southern Farm &c. Ins. Co.*[2]

Some evidence showed that these elements were not proven. Assuming without deciding that the actions of the bank could be attributed to Park for purposes of equitable estoppel, we note that although the bank incorrectly represented to Kim how much was remaining due on the debt, such was not within its knowledge since it was merely relying on Kim's earlier misrepresentation that post-judgment interest was not accruing. Thus, some evidence showed that the second element of equitable estoppel was not present.

[1] *Sledge v. Peach County*, 276 Ga. App. 780 (624 SE2d 288) (2005).
[2] *Hunnicutt v. Southern Farm &c. Ins. Co.*, 256 Ga. 611, 613 (5) (351 SE2d 638) (1987).

Moreover, since substantial evidence supported a finding that Park never agreed to waive post-judgment interest (a matter not disputed by Kim on appeal), Kim was aware that such was owing and therefore was not ignorant of the truth. This shows that the third element of equitable estoppel was not present either. Indeed, no evidence showed the fourth element (that the bank acted intentionally for the purpose of seeking to influence the conduct of Kim) or the fifth element (that Kim was induced to act by reason of the bank's misrepresentation). Rather, evidence showed that Kim's only actions (his regular $3,000 monthly payments) were in exchange for Park's not pursuing collection efforts, not in exchange for Park's waiving post-judgment interest.

Accordingly, as some evidence supported the trial court's finding that equitable estoppel was not shown, we must affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

*Angelo T. Merolla*, for appellant.
*Michael A. Kessler*, for appellee.

