### A10A1045. NOONS v. HOLIDAY HOSPITALITY FRANCHISING, INC.
(705 SE2d 166)

MILLER, Chief Judge.

Holiday Hospitality Franchising, Inc. ("Holiday Inn") brought the underlying lawsuit against Thomas S. Noons ("Noons") and his

wife, Jacquelyn S. Noons, on a personal guaranty (the "Guaranty"). The suit sought to recover past due fees, liquidated damages, interest, and attorney fees under a licensing agreement (the "Agreement") which Holiday Inn entered into with British American Properties ("BAP"), an entity of which Noons was the primary owner, for the operation of a Holiday Inn hotel (the "Hotel"). The trial court granted Holiday Inn's renewed motion for summary judgment, awarding it past due fees of $132,625.91, interest on the past due fees of $186,619.65, liquidated damages of $741,713.08, prejudgment interest on the liquidated damages of $255,272.92, and attorney fees of $131,623.16. On appeal, Noons challenges summary judgment for Holiday Inn and against him, contending that the trial court erred: (i) in estopping him from arguing discharge of his obligations under the Guaranty under OCGA § 10-7-20; (ii) in concluding that the liquidated damages provision in the Agreement was enforceable; and (iii) in awarding Holiday Inn interest on interest as to the past due fees element of the award. Discerning error only with respect to the trial court's award of interest on interest, we affirm in part and reverse in part.

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Our review is de novo.

(Citations, punctuation and footnotes omitted.) *The Governor's Towne Club v. Caffrey Constr. Co.*, 273 Ga. App. 284 (614 SE2d 892) (2005).

So viewed, the evidence shows that after Holiday Inn filed its lawsuit against Noons and his wife as guarantors, Noons executed an affidavit in which he averred that his wife had neither signed the Guaranty nor been aware of it. Given the foregoing, Holiday Inn amended its complaint to add a claim of fraud, dismissed Jacquelyn Noons from its suit with prejudice, and filed its initial motion for summary judgment, which motion the trial court denied finding that jury questions remained as to the amount of damages claimed by Holiday Inn.

Subsequently scheduled for trial, the case was dismissed after voir dire began because Noons had spoken with several members of the jury panel. Once the prospective jurors were dismissed, Holiday Inn orally renewed its motion for summary judgment and dismissed its fraud and punitive damages claims in exchange for Noons' stipulation as to liability. In stipulating to liability, however, Noons disputed Holiday Inn's calculation of damages and argued that the

liquidated damages provision of the Agreement was unenforceable, and that OCGA § 10-7-20 foreclosed any recovery against him since Holiday Inn dismissed his wife as a party to the litigation. The trial court entered its grant of summary judgment for Holiday Inn thereafter. Noons' appeal followed.

1. Noons contends that the trial court erred in estopping him from arguing discharge of his obligations under the Guaranty based upon Holiday Inn's release of his wife as co-guarantor. See OCGA § 10-7-20 ("[T]he release of . . . one surety shall discharge a co-surety."); see also OCGA § 10-7-21 ("Any change in the nature or terms of a contract . . . without the consent of the surety, discharges him."[1]). We disagree.

To establish equitable estoppel, Holiday Inn was required to show:

> First, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other.

(Citation, punctuation and footnote omitted.) *Kim v. Park*, 277 Ga. App. 295, 296 (626 SE2d 232) (2006).

Here, even assuming arguendo that his wife signed the Guaranty, the trial court properly ruled that Noons was estopped from arguing that she did so as his co-guarantor without his consent discharging him from his obligations under the Guaranty. Noons signed an affidavit in which he swore that he forged his wife's signature and later deposed that he did so to "help her get out of this lawsuit." If untrue, the five elements demonstrating estoppel are plainly established: (i) Noons falsely represented that he forged his wife's signature on the Guaranty; (ii) Noons admitted that he did so knowingly; (iii) Nothing of record suggests that Holiday Inn had any reason to believe that Noons' affidavit was untruthful; (iv) Noons deposed that his deceit was intended to influence Holiday Inn's conduct; and (v) Holiday Inn's dismissal of Noons' wife from its lawsuit shows that Noons' false affidavit prompted such action.

2. Noons also claims that the trial court erred in concluding that the liquidated damages provision in the Agreement was enforceable.

---

[1] "Georgia law does not distinguish between contracts for surety and contracts for guaranty." *Thomas-Sears v. Morris*, 278 Ga. App. 152, 154 (1), n. 1 (628 SE2d 241) (2006).

Again, we disagree.

"If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." OCGA § 13-6-7; see also *Turner v. Atlanta Girls' School*, 288 Ga. App. 115, 116 (653 SE2d 380) (2007).

> We will enforce a liquidated damages clause if (1) the injury caused by the breach is difficult or impossible to estimate accurately, (2) the parties intended to provide for damages rather than a penalty, and (3) the stipulated sum is a reasonable estimate of the probable loss. The burden is on the party who defaults on the contract — in this case [Noons] — to prove that a liquidated damages clause is unenforceable.

(Citation, punctuation and footnote omitted.) *Antonios v. Gwinnett Clinic*, 294 Ga. App. 101, 102-103 (1) (668 SE2d 531) (2008).

The first two factors determinative of unenforceability — difficulty of injury estimation and the parties' intent — are not in dispute in this case. Noons argues only that the amount of liquidated damages is unreasonable because there is no evidence in the record of a pre-estimate of probable lost revenue to Holiday Inn before the Agreement was entered into as to a breach thereof by premature termination. Further, Noons challenges the liquidated damages provision as providing for 36 months of revenue without regard to the term of the Agreement remaining as less than 36 months.

As to the first of Noons' arguments, Holiday Inn presented evidence that the liquidated damages clause at issue is directly related to the past performance of the Hotel by using a percentage of gross room revenue generated by the Hotel in the thirty-six-month period prior to termination, including approximately six months in which the Hotel had failed to meet Holiday Inn performance standards under the prior franchisee. Noons presented no evidence indicating that Holiday Inn's pre-estimate of its damages in the event of early termination was unfair in light of Holiday Inn's experience in finding a new franchisee and opening a new Holiday Inn facility.

Inasmuch as the liquidated damages provision at issue was crafted on the basis of the past performance of the Hotel, as above, fees due in the term of the Agreement remaining following early termination is not of material consequence. Nor is the effect of early termination with less than 36 months remaining here at issue because Holiday Inn terminated the Agreement in 2004, two years into its ten-year term. The second argument Noons makes is

therefore also unavailing.

"The issue of whether a provision constitutes liquidated damages rather than a penalty is an issue of law. [Cit.]" *Nat. Emergency Svcs. v. Wetherby*, 217 Ga. App. 42, 44 (456 SE2d 639) (1995). Given the foregoing, we conclude that the trial court did not err in finding the liquidated damages provision in the Agreement to be a reasonable pre-estimate of its probable loss upon early termination.

3. Finally, Noons contends that the trial court erred in awarding Holiday Inn interest on interest as to the past due fees element of the award pursuant to OCGA § 7-4-16. On this, we agree.

Citing OCGA § 7-4-16 below, as it does on appeal, Holiday Inn argues that the trial court was authorized to calculate interest on its award of past due fees "by adding 1.5% of the debt to the principal each month[,]" this because the Agreement provides that all past due fees bear interest at 1.5% per month. Noons correctly asserts, however, that the method of calculation authorized by OCGA § 7-4-16 is applicable to actions on open account, not for breach of contract. Where, as here, the claim is for breach of contract, OCGA § 7-4-16 does not apply. *Schoenbaum Ltd. Co. v. Lenox Pines*, 262 Ga. App. 457, 461 (2) (c) (585 SE2d 643) (2003). Holiday Inn's entitlement to an award of interest on past due fees is therefore a matter governed by the contract at issue, here "[1.5%] per month or the maximum interest permitted by applicable law, whichever is less."

The accuracy of the trial court's award of past due fees in the amount of $132,625.91 is undisputed. There also is no dispute that interest on past due fees was owed for a period of 59 months. The maximum allowable interest on past due fees owed in this case under the Agreement is therefore $117,373.92 ($132,625.91 x .015 x 59 = $117,373.92). Accordingly, the trial court's award of interest on past due fees of $186,619.65 is reversed to the extent it exceeds the amount authorized by law.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 30, 2010 —
RECONSIDERATION DENIED DECEMBER 13, 2010 —

*Steven W. Hardy*, for appellant.
*Fried & Bonder, Scott L. Bonder*, for appellee.