A10A1642, A10A1679. MARINER HEALTH CARE MANAGEMENT COMPANY v. SOVEREIGN HEALTHCARE, LLC et al.; and vice versa.
(703 SE2d 687)

JOHNSON, Judge.
In 2003, Mariner Health Care Management Company entered into a contract with Sovereign Healthcare, LLC, Sovereign Health-

---

[13] 295 Ga. App. 45 (670 SE2d 864) (2008).
[14] Id. at 48-49 (citations and footnotes omitted).
[15] See id. at 49.

care Holdings, LLC and Southern Healthcare Management, LLC (collectively "Sovereign"), whereby Mariner agreed to provide certain administrative services to Sovereign for a period of five years. In 2005, after more than two years of performance under the contract, Sovereign filed the instant lawsuit, claiming that the parties had reached an oral agreement to terminate the contract early, but Mariner subsequently refused to abide by that oral agreement to terminate. Mariner filed a counterclaim for breach of contract, seeking liquidated damages for Sovereign's premature termination of the administrative services contract. Sovereign moved for summary judgment as to Mariner's claim for liquidated damages, and Mariner filed an opposing motion for summary judgment. After a hearing, the trial court granted summary judgment to Mariner on the issue of liability for Sovereign's early termination of the administrative services contract, but denied its motion for summary judgment as to liquidated damages. Instead, the court granted summary judgment to Sovereign as to Mariner's claim for liquidated damages, finding that the liquidated damages provision in the contract is an unenforceable penalty. Mariner appeals in Case No. A10A1642, and Sovereign cross-appeals in Case No. A10A1679.

## Case No. A10A1642

1. Mariner asserts that the trial court erred in finding that the liquidated damages provision in the administrative services contract is unenforceable. The contract provides:

> In the event Sovereign terminates this Agreement prior to the expiration of the Initial Term for any reason whatsoever, other than those specified in Sections 4 (a) (i) through (iii) or 4 (c) hereof [concerning certain failures or misconduct by Mariner], Sovereign shall pay [Mariner], in a lump sum, as liquidated damages, an early termination fee equivalent to fifty percent (50%) of the total Fee that would have been paid to [Mariner] through the expiration of the Initial Term. . . .

Georgia law allows parties to provide for liquidated damages in their contracts, and unless the provision violates some principle of law, the parties are bound by their agreement.[1] Such provisions are enforceable if (1) the injury caused by the breach is difficult or impossible to estimate accurately; (2) the parties intended to provide

---

[1] OCGA § 13-6-7; *Joyce's Submarine Sandwiches v. California Public Employees' Retirement System*, 195 Ga. App. 748, 749 (2) (395 SE2d 257) (1990).

for damages rather than a penalty; and (3) the sum stipulated is a reasonable pre-estimate of the probable loss.[2]

> Determining whether a liquidated damages provision is enforceable is a question of law for the court, which necessarily requires the resolution of questions of fact. At trial the burden is on the defaulting party to show that the provision is a penalty, but this burden does not arise at the summary judgment stage. To obtain summary judgment, the moving party must show there is no genuine issue of material fact as to the three factors set out above and that the undisputed facts warrant judgment as a matter of law. To obtain summary judgment, a defendant need not produce any evidence, but must point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant.[3]

In this case, the trial court erred in finding that Sovereign carried its burden of showing an absence of evidence supporting at least one essential element of Mariner's liquidated damages claim. On the contrary, the record reveals that there is no genuine issue of material fact as to the three factors set out above, and that the undisputed facts warrant enforcement of the liquidated damages clause as a matter of law.

With regard to the first liquidated damages requirement, Sovereign argues that the injury caused by a breach of the administrative services contract was not difficult to estimate because it simply required a calculation of Mariner's lost profits, by subtracting its costs from its revenue. However, "lost profits are generally held to be too speculative for recovery."[4] Consistent with that general rule, the Mariner officer who negotiated the administrative services contract averred by affidavit, and without contradiction, that when the parties entered into the contract it was impossible to estimate Mariner's lost profits in the event of a breach because its future costs were unknown due to variables such as inflation, labor market fluctuations, and the facts that this was a new business venture for

---

[2] *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976).

[3] (Citations omitted.) *Nat. Svc. Indus. v. Here To Serve Restaurants*, 304 Ga. App. 98, 100 (695 SE2d 669) (2010).

[4] *Triad Drywall v. Bldg. Materials Wholesale*, 300 Ga. App. 745, 746 (686 SE2d 364) (2009). See also *KAR Printing v. Pierce*, 276 Ga. App. 511 (623 SE2d 704) (2005).

Mariner and that it was using a new billing software system. Because the undisputed facts show that the anticipated expenses for the new business venture could not have been easily calculated,[5] there is no question that the injury caused by a breach of the contract was difficult to estimate with accuracy.

"As for the second [liquidated damages] requirement, we ascertain the intent of the parties by first looking to the language of the contract. Although the words used by the parties are not conclusive, they are a significant factor in determining the parties' intent."[6] Here, the contract specifically referred to the payment of "liquidated damages" in the event of an early termination by Sovereign, thereby supporting an inference that the parties intended to provide for liquidated damages rather than a penalty.[7] Moreover, the record contains statements from officers who helped negotiate the contract for both sides that the liquidated damages provision was meant to compensate Mariner for lost revenues in the event of an early termination.

Finally, as to the third requirement, "the touchstone question is whether the parties employed a reasonable method under the circumstances to arrive at a sum that reasonably approximates the probable loss. . . ."[8] An officer for Sovereign deposed that the amount of liquidated damages agreed upon was fair, reasonable and standard in the industry. Furthermore, Mariner presented evidence that the actual profit margin under the contract, prior to its termination, was approximately 48.5 percent. Thus, liquidated damages in the amount of 50 percent of remaining fees under the contract was a reasonable pre-estimate of probable loss.[9]

Because Sovereign failed to show that the liquidated damages provision is an unenforceable penalty, and indeed the undisputed facts establish that the provision is enforceable as a matter of law, the trial court erred in granting summary judgment to Sovereign on that ground, and in denying summary judgment to Mariner.[10] Accordingly, that portion of the trial court's order must be reversed.

---

[5] See *Bldg. Materials Wholesale v. Triad Drywall*, 287 Ga. App. 772, 776 (2) (653 SE2d 115) (2007) (to recover lost profits one must show both probable gains and expenses with great specificity).

[6] *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 687 (1) (534 SE2d 145) (2000).

[7] See *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989); *Swan Kang*, supra.

[8] *Caincare, Inc. v. Ellison*, 272 Ga. App. 190, 193 (1) (612 SE2d 47) (2005).

[9] Compare *Nat. Svc. Indus.*, supra at 104 (no evidence demonstrating reasonableness of liquidated damages provision as an estimate of probable loss); *Adams v. D & D Leasing Co. of Ga.*, 191 Ga. App. 121, 123 (1) (381 SE2d 94) (1989) (liquidated damages in the amount of all remaining payments without a reduction to present value did not constitute a reasonable pre-estimate of probable loss).

[10] See *Swan Kang*, supra.

2. Mariner contends that the trial court erred in denying its motion for summary judgment as to Sovereign's additional breach of contract claims based on Mariner's alleged loss of certain accounts payable data and alleged failure to properly transmit payroll data to the Internal Revenue Service, resulting in a fine of Sovereign. As recited above, Mariner, as the movant, was required to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[11] Contrary to Mariner's contention, the record reveals that genuine issues of material fact exist as to Sovereign's breach of contract claims. Since Mariner has failed to show that it is entitled to judgment as a matter of law on those claims, the trial court did not err in denying summary judgment.

3. Likewise, the trial court did not err in denying summary judgment to Mariner on Sovereign's claim for attorney fees for bad faith under OCGA § 13-6-11. Questions concerning bad faith under OCGA § 13-6-11 are generally for the jury to decide.[12] Indeed, "[o]nly in the rare case where there [is] absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues."[13] This is not such a rare case, and therefore Mariner is not entitled to summary judgment.

### Case No. A10A1679

4. In several enumerations of error, Sovereign challenges the trial court's grant of summary judgment to Mariner on the issue of liability for the early termination of the administrative services contract. The linchpin of Sovereign's appeal is its claim that it is not liable for refusing to allow Mariner to finish performing under the contract because the parties orally agreed to end the contract prior to the termination date contained in the written agreement. However, it is undisputed that the contract expressly provides that no part of the agreement "may be modified or amended orally, by trade usage or by course of conduct or dealing, but only by and pursuant to an instrument in writing duly executed and delivered by the party sought to be charged therewith." As the trial court correctly found, such "[c]ontractual requirements that all modifications be made in writing are valid and enforceable. [Cit.]"[14] Regardless of any oral communications between the parties, it is undisputed that Sovereign

[11] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[12] *American Med. Transport Group v. Glo-An, Inc.*, 235 Ga. App. 464, 467 (3) (509 SE2d 738) (1998).
[13] (Citation and punctuation omitted.) Id.
[14] *Gerdes v. Russell Rowe Communications*, 232 Ga. App. 534, 536 (1) (502 SE2d 352) (1998).

and Mariner did not modify the administrative services contract in writing to allow for an early termination of its terms.[15]

> We are satisfied, as a matter of law, that this clear and unambiguous provision served to place [Sovereign] on due notice that [it] could not thereafter reasonably rely upon any words or other course of dealing . . . , other than a modification agreement actually reduced to writing, in order to change or modify the written [contract].[16]

Because there was no written modification of the contract, the trial court did not err in granting summary judgment to Mariner on the issue of the unenforceability of the alleged oral modification.[17]

5. The remaining enumerations of error are without merit and, because of our holding above, need not be addressed.

*Judgment affirmed in part and reversed in part in Case No. A10A1642. Judgment affirmed in Case No. A10A1679. Miller, C. J., and Phipps, P. J., concur.*

DECIDED OCTOBER 28, 2010 —
RECONSIDERATION DENIED NOVEMBER 19, 2010 — 

*Troutman Sanders, Thomas E. Reilly, Brian P. Watt*, for appellant.

*Greenberg Traurig, Michael J. King, Brock, Clay, Calhoun & Rogers, Nancy I. Jordan, Charles M. Dalziel, Jr.*, for appellees.

---

[15] See generally *BDI Laguna Holdings v. Marsh*, 301 Ga. App. 656, 661 (1) (689 SE2d 39) (2009) (oral communications immaterial where contract required amendments to be in writing and there was no evidence of a written amendment).

[16] *Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 580 (2) (405 SE2d 566) (1991).

[17] *Gerdes*, supra. Compare *C. Brown Trucking Co. v. Henderson*, 305 Ga. App. 873 (700 SE2d 882) (2010) (mutual oral agreement to rescind an executory contract requiring written modifications was appropriate because rescission of a contract that has not yet been performed is not equivalent to modification of a valid executed contract).