**FOURTH DIVISION**
**BARNES, P. J.,**
**MCFADDEN and BOGGS , JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 30, 2013**

# In the Court of Appeals of Georgia

A12A2570. HOLIDAY HOSPITALITY FRANCHISING, INC. v. NOONS.

MCFADDEN, Judge.

Appellant Holiday Hospitality Franchising, Inc. (Holiday) is a judgment creditor of Appellee Thomas F. Noons. See *Noons v. Holiday Hospitality Franchising, Inc.*, 307 Ga. App. 351 (705 SE2d 166) (2010). Holiday now contends that Noons has been "using sham corporations" to hide his assets. Holiday seeks the equitable remedy known as outsider reverse piercing of the corporate veil.

As Holiday acknowledges, however, our Supreme Court has "reject[ed] reverse piercing, at least to the extent that it would allow an 'outsider,' such as a third-party creditor, to pierce the veil in order to reach a corporation's assets to satisfy claims against an individual corporate insider." *Acree v. McMahan*, 276 Ga. 880, 881 (585

SE2d 873) (2003). Citing *Acree*, the trial court denied Holiday's post-judgment motion seeking that remedy; and Holiday appealed to this court.

We transferred the case to our Supreme Court on the basis that reverse piercing is an equitable doctrine. See id., citing *Estate of Daily v. Title Guaranty Escrow Svc.*, 178 B.R. 837, 845 (III) (D. Haw. 1995). The Supreme Court returned it to us holding, "Whether and to what extent *Acree* applies in this case is a legal question that the Court of Appeals has jurisdiction to consider."

Holiday's arguments on appeal are that Georgia public policy requires a fraud exception to *Acree* and that Georgia should create a narrow exception to *Acree* to allow outsider reverse piercing of the corporate veil in single shareholder corporations that are alter egos or frauds.

We hold that *Acree* applies in this case, and we hold that the extent of its application is that it mandates that the judgment of the trial court be affirmed. Beyond that, our jurisdiction is confined to recognition that, as *Acree* is a Supreme Court decision, we are without authority to alter or amend it. *Bickford v. Nolen*, 142 Ga. App. 256, 262 (1) (235 SE2d 743) (1977).

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*