**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be
physically received in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules**

**MAY 29, 2026**

# In the Court of Appeals of Georgia

A26A0270. ATLANTA HOSPITALITY INVESTMENT, LLC et al. v. HOLIDAY
HOSPITALITY FRANCHISING, LLC.

PADGETT, Judge.

Atlanta Hospitality Investment, LLC ("AHI") and Mohammad Sarower
Hossain appeal from the trial court's order denying their motion for summary
judgment and granting summary judgment to Holiday Hospitality Franchising, LLC
("HHF"). The trial court's order held, among other things, that a liquidated
damages provision in a license agreement between AHI and HHF (for which Hossain
served as AHI's guarantor) was enforceable under Georgia law. AHI and Hossain
claim that the trial court erred in failing to properly apply the test to determine the
enforceability of the liquidated damages provision. For the reasons that follow, we
affirm the trial court's judgment.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate." *Crown Series, LLC v. Holiday Hospitality Franchising, LLC*, 357 Ga. App. 523, 523 (851 SE2d 150) (2020) (punctuation omitted).

So viewed, the record shows that in July 2016, Hossain applied to HHF on behalf of AHI for a license to develop and operate a Holiday Inn Express & Suites in Chamblee, Georgia. In January 2017, AHI and Hossain received a copy of HHF's franchise disclosure document, which identified and attached a copy of the proposed license agreement and also explained the licensee's obligation to pay liquidated damages in the event of premature termination of the license. The franchise disclosure document also advised the recipient to read it and its accompanying agreements carefully and to provide the document to "an advisor, like a lawyer or an accountant."

Three months later, in March 2017, Hossain executed the license agreement on behalf of AHI, under which AHI and Hossain agreed to pay HHF royalties and other fees in exchange for the right to develop and operate the hotel. In doing so, Hossain and AHI acknowledged that they had independently investigated the risks

of the business and had read the franchise disclosure document. The term of the license agreement was 20 years from the date of the opening of the hotel.[1]

The license agreement also contained a liquidated damages provision. Paragraph 12.A. of the agreement provided that "[t]he parties recognize the difficulty of ascertaining damages to [HHF] resulting from premature termination of the License, and have provided for liquidated damages which represent their best estimate as to the damages arising from the circumstances in which they are provided." More specifically, Paragraph 12.E. provided:

> The parties recognize the difficulty of ascertaining damages to [HHF] resulting from premature termination of this License, and have provided for liquidated damages, which liquidated damages represent the parties' best estimate as to the damages arising from the circumstances in which they are provided and which are only damages for the premature termination of this License, and not as a penalty or as damages from breaching this License or in lieu of any other payment. If the License terminates pursuant to paragraphs 12.B or 12.C above,[2] Licensee will promptly pay Licensor, as liquidated damages, a lump sum equal to the total amounts required under paragraphs 3.B(1), (3) and (4) during the 36 calendar months of operation preceding the termination or such shorter period as equals the unexpired License Term at the time

---

[1] Although the license agreement provided that the hotel was to be operational no later than June 1, 2020, it did not open until October 15, 2021.

[2] Paragraphs 12.B. and 12.C. delineated the bases for termination by the licensor on advance notice and for immediate termination by the licensor. The license agreement did not provide for termination by the licensee.

of termination; or if the Hotel has not been in operation … for 36 months, the greater of:

> (1) 36 times the monthly average of such amounts for the period during which the Hotel has been in operation …, or

> (2) 36 times such amounts as are due for the one month preceding such termination.

Licensor and Licensee acknowledge and agree that it would be difficult to determine the injury caused to Licensor by termination of this License. Licensor and Licensee therefore intend and agree the above liquidated damages calculation to be a reasonable pre-estimate of Licensor's probable loss and not a penalty or in lieu of any other payment.

Less than 20 months after the hotel opened for business, AHI and Hossain informed HHF on June 7, 2023, that they intended to "sever the relationship" with HHF and unilaterally terminate the license agreement, and — acknowledging they were "mindful of [their] obligations under [Paragraph 12.E.] relating to liquidated damages" — asked HHF to "immediately provide … the amount of liquidated damages [HHF] believes are owed[.]"HHF responded the next day, explaining that the term of the license ran through October 15, 2041, and that under the license agreement, AHI and Hossain did not have the contractual right to prematurely terminate the license. AHI and Hossain thereafter informed HHF, on October 23,

4

2023, that they would be effecting a "unilateral termination of the [l]icense [a]greement," and would "remove all Holiday Inn & Suites … brand imaging and signage and cease operation" as an HHF-branded hotel and instead operate as "an independent inn."

AHI and Hossain then filed a verified petition against HHF on October 31, 2023, acknowledging that they were "intentionally … creating a default under the License Agreement," which default triggered their obligation to pay HHF liquidated damages, and seeking a declaration that the license agreement had been prematurely terminated. They requested that the trial court enforce the liquidated damages provision in an amount they calculated and proposed. Shortly thereafter, AHI and Hossain ceased operating the hotel as a Holiday Inn & Suites and HHF terminated the license pursuant to the license agreement.

On December 7, 2023, AHI and Hossain filed an amended and restated petition for declaratory judgment, asserting that the license agreement was unconscionable and that the liquidated damages provision constituted an unenforceable penalty. HHF answered and asserted counterclaims against AHI and Hossain for, among other things, breach of, and default under, the license agreement and Hossain's guaranty of the same. HHF sought liquidated damages in the amount required by the formula set out in Paragraph 12.E. of the license agreement. The

parties filed cross-motions for summary judgment, with AHI and Hossain arguing that the liquidated damages provision was unenforceable because it was "intended as a penalty and does not produce a reasonable estimate of [HHF's] probable damages." HHF, on the other hand, argued that the liquidated damages provision was valid and enforceable under Georgia's three-part test for determining the enforceability of such provisions and also under a prior decision of this Court upholding the enforceability of a "materially identical" provision in another license agreement to which HHF was a party.

After a hearing, the trial court denied AHI's and Hossain's motion for summary judgment and granted summary judgment to HHF, awarding it $1,974,400.56 in liquidated damages. The trial court found the liquidated damages provision was enforceable for three "independent reasons." First, the trial court found the provision enforceable based upon this Court's decision in *Noons v. Holiday Hospitality Franchising, Inc.*, 307 Ga. App. 351 (705 SE2d 166) (2010), in which we upheld a similar provision requiring liquidated damages of 36 months of fees based on a hotel's past performance. Second, the trial court found the provision enforceable by its "plain and unambiguous terms[.]"And third, the trial court

concluded the provision was enforceable under Georgia's three-part test for determining enforceability. This appeal followed.[3]

1. As a preliminary matter, we note that in their appellate brief, AHI and Hossain refer this Court to discussion in their briefing before the trial court; direct this Court to materials filed with the trial court after the filing of their notice of appeal and that do not appear to properly be part of the record on appeal; and assert facts without citation to the record.

We remind AHI and Hossain that incorporating by reference the arguments made before the trial court is "a practice that is not approved by this [C]ourt and we decline to look in the record for matters which should have been set forth in the brief. Moreover, if we were to permit this practice a party could evade entirely the word limitations on briefs established in our rules." *Evans v. State*, 360 Ga. App. 596, 610(11)(b) (859 SE2d 593) (2021) (punctuation omitted). Furthermore, our rules require that each enumerated error be supported by specific reference to the record. Ga. Ct. App. R. 25(d)(1)(i). "[B]riefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal.

---

[3] The trial court's order also rejected AHI's and Hossain's contention that the license agreement was unconscionable and awarded HHF monetary amounts other than liquidated damages. However, the ruling on unconscionability and the other monetary awards are not part of this appeal.

In addition, the burden is on the party alleging error to show it affirmatively in the record[.]" *Tucker v. Crystal Clear Luxury Pools*, 361 Ga. App. 369, 370 (864 SE2d 462) (2021) (citation modified). Thus, while we have endeavored to review AHI's and Hossain's claims of error "to the extent we are able to ascertain them, [they] will not be granted relief should we err in construing [their] nonconforming appellate brief." *Clemmons v. State*, 340 Ga. App. 57, 58(1) (796 SE2d 297) (2017).

2. AHI and Hossain argue that the trial court erred in failing to properly apply the three-part test to determine the enforceability of the liquidated damages provision in the license agreement. More specifically, they claim that the liquidated damages provision is unenforceable because it was intended to deter breach of the agreement, making it an impermissible penalty, and that the trial court erred in failing to consider parol evidence "to determine intent." They also challenge the trial court's ruling on the ground that the liquidated damages provision "does not approximate [HHF's] actual losses" and "bear[s] no relation to the probable loss[,]" rendering the provision unenforceable. We disagree.

As a threshold matter, Georgia law provides that "[i]f the parties agree in their contract what the damages for breach shall be," the damages "are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." OCGA § 13-6-7. A liquidated damages provision is thus enforceable

if "(1) the injury caused by the breach is difficult or impossible to estimate accurately; (2) the parties intended to provide for damages rather than a penalty; and (3) the sum stipulated is a reasonable pre-estimate of the probable loss." *Mariner Health Care Mgmt. Co. v. Sovereign Healthcare, LLC*, 306 Ga. App. 873, 874–75(1) (703 SE2d 687) (2010) (citing *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976)).[4]

> Determining whether a liquidated damages provision is enforceable is a question of law for the court, which necessarily requires the resolution of questions of fact…. To obtain summary judgment, the moving party must show there is no genuine issue of material fact as to the three factors set out above and that the undisputed facts warrant judgment as a matter of law.

*Mariner Health Care*, 306 Ga. App. at 875(1).

(a) With respect to the second prong of the test — that the parties intended to provide for damages rather than a penalty — the record reveals no genuine issue that the parties intended the 36-month formula in Paragraph 12.E. to serve as damages for premature termination of the 20-year license and not a penalty. The terms of the license agreement are clear and unambiguous as to the parties' intent. Specifically,

---

[4] AHI and Hossain do not enumerate or argue that the trial court erred in its finding on the first prong of the test: "that it would be very difficult to calculate [HHF's] damages due to the premature termination of the License Agreement."

Paragraph 12.A. provides that AHI and Hossain "recognize the difficulty of ascertaining damages to [HHF] resulting from premature termination of the [l]icense and have provided for liquidated damages which represent their best estimate as to the damages arising from" premature termination. Moreover, Paragraph 12.E. provides that the agreed-to liquidated damages were "only damages for the premature termination of th[e] [l]icense, and not as a penalty or as damages for breaching th[e] [l]icense[,]" and that AHI and Hossain "therefore intend and agree the … liquidated damages calculation" provided for in the paragraph "to be a reasonable pre-estimate of [HHF's] probable loss and not a penalty or in lieu of any other payment."

In view of the plain and unambiguous language of the license agreement, which on more than one occasion explicitly demonstrates the parties' agreement that liquidated damages would be the remedy for premature termination of the license, we conclude that the parties intended Paragraph 12.E. to function as a liquidated damages provision, rather than a penalty. See *Crown Series*, 357 Ga. App. at 527(1)(a) (recognizing that where "the terms of a contract are plain and unambiguous, the contractual terms *alone* determine the parties' intent." (punctuation omitted)). And no manner of parol evidence argued by AHI and Hossain may be allowed to contradict or overcome the plain meaning of the unambiguous liquidated damages

10

provision. Id. at 528(1)(a) n.5 ("Parol evidence is not admissible to contradict or construe an unambiguous contract." (punctuation omitted)). See also *City of Brookhaven v. Multiplex, LLC*, 369 Ga. App. 9, 12–13 (891 SE2d 60) (2023) (noting that where a contract *lacks* language indicating that liquidated damages were not intended to be a penalty, the court can look to parol evidence in the record to determine intent).[5]

(b) With respect to the third prong of the liquidated damages test, "the touchstone question is whether the parties employed *a reasonable method under the circumstances* to arrive at a sum that *reasonably approximates the probable loss*." *Crown Series*, 357 Ga. App. at 528(1)(b) (punctuation omitted and emphasis supplied). The requirement is not, as AHI and Hossain argue, that the methodology "approximate [HHF's] actual losses."

Here again, the parties agreed that the 36-month formula provided "a reasonable pre-estimate of [HHF's] probable loss and not a penalty...." As we

---

[5] Even if the terms of the provision were ambiguous, which they are not, Hossain testified at deposition that he agreed to the provision when he executed the license agreement, and he swore to the provision's validity and enforceability when he filed his verified petition for declaratory relief in October 2023. And we reject AHI's and Hossain's argument that parol evidence in the form of speculative deposition testimony of a former employee of HHF whose professional responsibilities did not encompass the content of the license agreement is "relevant evidence" establishing that HHF intended the liquidated damages provision to be a penalty.

explained in *Crown Series*, while "not singularly determinative of the outcome," the fact that the parties agreed on this point "is not without some value because our primary inquiry in this factor is 'whether *the parties* employed a reasonable method under the circumstances to arrive at a sum that reasonably approximates the probable loss' and because, more basically, the words of a contract must mean something." Id.

Moreover, the language of the provision explicitly ties the amount of liquidated damages to this particular hotel's historical operations and revenue on a monthly basis and multiplies the average monthly amount that would have been owed HHF by 36. The 36-month period — established prospectively, by definition, as part of contractual liquidated damages — is based on HHF's experience with, and estimate of, the time period over which it would be able to identify a new licensee, receive and process the putative licensee's application, execute the necessary contracts, have the licensee build or convert the physical hotel, and replace the revenue stream of the prematurely terminated license. See *Noons*, 307 Ga. App. at 354(2).[6] The 36-month period, as tied to past performance, is neither a pre-determined, arbitrary flat sum nor an acceleration of damages for the remaining 18

---

[6] Indeed, that more than five years passed between AHI's and Hossain's application to HHF in July 2016 for a license and their opening of the hotel in October 2021 supports the reasonable relation of a 36-month multiplier to HHF's probable losses.

years of the license. As such, we hold that the liquidated damages provision is a reasonable pre-estimate of HHF's probable loss.[7] See *Crown Series*, 357 Ga. App. at 529–30(1)(b) (concluding that amount equal to estimated payments that would have occurred over 35-month period of license satisfied the third prong of the liquidated damages test and the provision was not invalid for not predicting "with precision [the licensor's] actual damages");[8] *Noons*, 307 Ga. App. at 354–55(2) (holding trial court did not err in finding that liquidated damages equal to 36-month period of certain amounts, tied to past performance, was "a reasonable pre-estimate of [HHF's] probable loss upon early termination").

---

[7] AHI's and Hossain's reliance on the deposition testimony of former and current HHF employees, which they argue undermines the reasonableness of the 36-month period, does not alter our analysis or conclusion. Put simply, AHI and Hossain do not accurately portray the substance of the employees' testimony and their testimony does not establish that any of the three prongs of the test is lacking. We likewise reject AHI's and Hossain's argument that the liquidated damages formula contains a latent ambiguity warranting the consideration of parol evidence. AHI and Hossain do not support their argument with appropriate citation to the record, and more fundamentally, they did not raise the issue of latent ambiguity before the trial court. See *Shelley v. Town of Tyrone*, 302 Ga. 297, 308(3) (806 SE2d 535) (2017) ("[A]n appellant may not on appeal raise questions or issues neither raised [n]or ruled upon by the trial court." (punctuation omitted)).

[8] We reiterate the point made in *Crown Series* that eliciting testimony from HHF that the liquidated damages formula "did not establish the actual damages" is not the standard set forth in the third prong of the test; "the whole point of the liquidated damages provision is to avoid the need to calculate actual damages[.]" *Crown Series*, 357 Ga. App. at 529(1)(b) n.7.

3. In light of our holding in Division 2, above, we need not address AHI's and Hossain's remaining claim that the trial court's reliance on this Court's decision in *Noons* was erroneous.

*Judgment affirmed. McFadden, P. J., and Watkins, J., concur.*